| 49 | 101 |
|-----|-----|
| 127 | 636 |
| 49 | 101 |
| 58a | 94 |

---

# JOHN JOHNSTON

*v.*

# LOUISA A. MAPLES *et al.*

1. EXECUTORS AND ADMINISTRATORS—*duties of—with respect to assets.* It is the duty of executors and administrators, enjoined by law, to reduce the assets of the estate to money, and report the same to the court, to be paid upon debts and distributed among the parties entitled to receive it.

2. SAME—*cannot loan the money of the estate without legal authority.* And if an executor loans the money of the estate, unless authorized or required so to

do, by the will, he does it in his own wrong, and it operates as a *devastavit*, and creditors, legatees or distributees, may sue and recover on his bond.

3. SAME—*a reasonable compensation will be allowed—for necessaries furnished minor heirs having no guardian.* And when an executor furnishes the necessary food and clothing for the support of minor heirs, having no guardian, he should be allowed to charge a reasonable compensation therefor.

4. EVIDENCE—*burden of proof—in suit on an executor's bond.* In a suit in chancery on an executor's bond, by the devisees, for an alleged misappropriation of the moneys belonging to the estate, where the defendant claims that such moneys were paid over by the executor to complainants, it is incumbent on him to satisfactorily establish such fact, the money having been in the hands of the executor, as proved by his report to the court.

5. PRACTICE IN THE SUPREME COURT—*when cross errors must be assigned.* Where an appellee, in a chancery suit brought to this court, desires to question the correctness of the decree rendered in the court below, he must assign cross errors, otherwise, this court will not examine the record, to ascertain whether errors have been committed which operate injuriously to him.

APPEAL from the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

The opinion states the case.

Mr. J. S. PAGE and Mr. WM. C. GOUDY, for the appellant.

Messrs. WAITE & CLARKE, and Mr. A. E. WOLCOTT, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a suit in equity, commenced by appellees, on the bond of James King, as executor of James D. Aymer, deceased, against appellant. The bill alleges that King, in his lifetime, committed waste, by appropriating assets and moneys of the estate to his own use, and afterwards died testate, leaving Mary King his executrix, who subsequently died intestate, and that Josephine Williams, since intermarried with E. L. Knott, was appointed administratrix of her estate.

It is alleged that Robinson, the co-security of appellant, had died, leaving J. N. Baker and M. D. Downs, his executors. The representatives of the securities of Mary King, are also made parties defendant. Appellees are the devisees of Aymer, being his widow and children.

It is claimed that appellant is liable for a balance due on a mortgage given by Weis, for the principal, $3,700, and three installments of interest of $370 each. Also, for a sum received of one Stewart, paid by him for a farm in McHenry county, and two payments made by Stewart, and a note given for the same property, of $188.40 each, and for a balance of $1,920.57, shown to be in King's hands by his account current, filed in the probate court on the 30th September, 1852, and interest. On a hearing, the court below found that the executor had been guilty of waste and *devastavit,* to the amount of $1,500.87, and decreed that appellant, as security on King's bond, was liable therefor, and that he pay to Louisa Maples $822.65, and to each of the minor complainants $344.61, with interest from the date of the decree, and that he pay the same within 30 days.

The case is brought to this court by appeal, and a reversal is asked, because the court rendered the decree against appellant; and for dismissing the bill as to the other defendants, and not as to him.

On the other side, it is objected, that the amount is too small, as the court should have made no allowance for the board of infant complainants by King in his lifetime, and that the court should have allowed them one-half the amount reported to be in King's hands at the time of his last report to the probate court, with interest, making rests. That the executor was legally and properly chargeable with the money he reported to have received, over and above what he had paid, there would seem to be no question. He had no legal authority to loan the balance. His duty was to reduce the assets to money and report it to the probate court, to be paid upon debts proved and

allowed against the estate, or if not required for that purpose, then to be distributed to the legatees, under the order of the court, and according to the terms of the will. If he loans the money of the estate, unless authorized or required by the will, he does it in his own wrong, and it operates as a *devastavit*, and creditors, legatees and distributees may sue and recover on his bond. The law requires him to reduce the assets to money, pay the debts and discharge the legacies, or distribute the fund among those entitled to receive it.

But in this case, we find no evidence that the money which was thus loaned, ever came to the hands of the legatees, or that they derived any benefit from the balance the executor reported he had received, over and above the debts and payments made to one of the legatees. And while he was clearly chargeable with the $1,920.57, he should be allowed all reasonable and fair allowances for moneys necessarily expended in the support of the children. They seem to have had no guardian, and it was imperatively necessary that they should be supported. Clothing and food were indispensable, and while the law guards, with jealous care, the money and property of minors, it will not prohibit the furnishing of food and clothing which is indispensable, until an order of court can be obtained. Where there is no guardian, to prevent persons from furnishing such necessaries, and to charge a reasonable compensation in such cases, would be cruel to the helpless minor, who is incapable of earning a livelihood, or to provide for the imperative demands of nature. Such a rule would, although abundantly able, send minors to the poor house, or put them upon the charity of the world, in many cases.

An infant may make a binding contract for necessary food, clothing, medical aid and education, and if unable, from tender age, to procure them, others may furnish them and charge a reasonable price therefor.

The court below did right in allowing for the board of the two minors. And on the question of what it was reasonably

worth, the evidence was not harmonious. It varied largely, and the court adopted a medium price, and we are not prepared to say it was wrong. As to whether King had paid Mrs. Maples in full, the evidence was conflicting, and by no means satisfactory. The court below, we think, was warranted, however, in the conclusion, that he had not paid her in full. The money being in his hands, as proved by his report, it was for appellant to show, satisfactorily, that it was paid to her, and this, we think, he failed to do. We do not see that the court below rejected any item claimed as a payment to Mrs. Maples, by King, that should have been allowed. And so far as the statement of that part of the account is concerned, we perceive no error.

As cross errors were not assigned, the other questions discussed by counsel do not arise in the case. If appellees were not satisfied with the decree, and were of the opinion that they were entitled to a larger amount, they should have brought the record to this court on error or appeal, or when it was brought here by the other party, should have assigned cross errors, if they desired to question the correctness of the decree. They have done neither, and we cannot look into the record to see whether there are errors which operate injuriously to appellees. They having assigned no cross errors, are not in a position to question the correctness of the decree, and perceiving no error committed against appellants, the decree of the court below must be affirmed.

*Decree affirmed.*