# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## THIRD DISTRICT—NOVEMBER TERM, 1878.

### THE PEOPLE OF THE STATE OF ILLINOIS, use, etc.

### v.

### WILLIAM PRICE ET AL.

1. JUSTICE OF THE PEACE—FAILURE TO PAY MONEY COLLECTED.—It is the duty of a justice of the peace to pay over all moneys that may come to his hands under any judgment or otherwise by virtue of his office, subsequently to the commencement of his term of office, regardless of the time when the claims were received by him for collection.

2. EXPIRATION OF TERM — SUCCESSOR.—When one justice retires and another succeeds to his office, the docket, and all papers pertaining to his office should be turned over to the latter, who should proceed to the completion of all unfinished business. The rule is the same whether the incumbent succeeds himself or another, and if the claims were received by the justice during his first term of office, they passed to himself as his own successor when he qualified for the second term.

3. BURDEN OF PROOF.—It was erroneous to instruct the jury, that because the justice was a public officer, the law would presume that he would do his duty and pay over the money collected, and that such presumption must be overcome by a preponderance of evidence. If the money was proved to have been collected by the justice, it would make a *prima facie* case in favor of the plaintiffs and shift the burden of proof upon appellees to show that the money had been paid over.

4. ESTOPPEL.—The judgments rendered by the justice, and afterwards collected by him, were collected by virtue of his office, and the justice and the sureties on his official bond are estopped to deny that fact.

5. EVIDENCE—COMPETENCY.—The judgment docket of the justice, showing the two judgments in favor of appellants, and the testimony of the

(15)

constable tending to show that he paid them to the justice, were competent evidence, and the court erred in refusing to admit them.

Appeal from the Circuit Court of Champaign county; the Hon. C. B. Smith, Judge, presiding.

Mr. J. K. Essick, for appellants.

Messrs. Sweet & Day, for appellees.

Lacey, J. This cause was tried at the September term of the Circuit Court of Champaign county, and resulted in a verdict and judgment for appellees.

The cause of action was the official bond of I. H. Hess, police magistrate of Champaign city, signed by appellees as his security. It was in the penal sum of $2,000, dated April 19, 1872, with the usual recitals, and with the following condition: "If the said I. H. Hess shall justly account for and pay over all moneys that may come to his hands under any judgment or otherwise by virtue of his said office, etc. . . . then this obligation to be void, otherwise to remain in full force."

In the fall or summer of 1875, Hess died; he was his own successor in office, having held a term prior to this one. The breaches assigned in the bond were the alleged defalcations of Hess in not paying over moneys collected by him, belonging to appellants, during his last term of office; part collected on judgments rendered by him and part without. All as was declared collected by virtue of his office, and during his last term.

The defense set up was that the claims were not collected by Hess by virtue of his office, but as the private agent of appellants. There was some uncertainty or want of evidence as to the time Hess received the claims, or at least a portion of them, for collection, whether during his first or last term of office. The court on the trial, at the request of appellees, gave the following instructions:

1. "The court instructs the jury that the defendants are not liable for any claims received by Hess, as justice of the peace for collection prior to the 19th day of April, 1872."

The People v. Price et al.

4. "The court instructs the jury that the burden of proof is upon the plaintiffs to show by evidence that the claims here sued on were placed in the hands of Hess after the 19th day of April, 1872, and if the evidence fails to show when the claims were placed in the hands of Hess for collection, then in such case plaintiffs would not make out their case."

The assignment of errors on the giving of these instructions for appellees against appellants' objections we think well taken. It was wholly immaterial as to when and in what way the claims were received by Hess. By the terms of his bond he was to pay over all moneys that might come to his hands under any judgment or otherwise by virtue of his office," not that he should pay over such moneys only as should be received on judgments or otherwise coming to his hands, subsequently to the commencement of his term of office. All moneys received by virtue of his office were to be paid over regardless of the time when the claims were received.

The evidence shows that all collections made by Hess were made subsequent to April 19, 1872, and the judgments rendered were subsequent to that time.

When one justice retires and another succeeds to his office, the statute requires that the "docket, statutes and all papers relating to the business transactions before him, shall be turned over to the latter, who shall issue execution and proceed to the completion of all unfinished business. The functions of the outgoing justice entirely cease and those of the new one commence." Stat. 1874, 653, §§ 108–109. All moneys shall be paid over by the justice taking upon himself the duties of his office, "collected on any judgment or otherwise by virtue of his office." Stat. 1874, 638, § 5.

The rule is the same whether the incumbent succeeds himself or another. The old justice does no act and is responsible for nothing done by the new justice after the succession.

If these claims were received by Hess during his first term of office as justice, they passed to himself as his own successor when he qualified for the second term. The only issue is, did any money come to his hands by virtue of his office? Green

et al. v. Wardell, 17 Ill. 280; Morley v. Town of Metamora, 78 Ill. 394.

Then again, the court below gave the jury, at the request of appellee and against the objection of appellants, instructions Nos. 8 and 10, which is claimed to be error. The instructions are in substance that appellants could not make out a case against appellees by proving that I. H. Hess collected money belonging to Farrar and Wheeler, but that they must show by a preponderance of evidence that I. H. Hess did not pay over the money to them.

That the law would presume that Hess, because an officer, would do his duty, and that he paid over the money collected, and that the burthen of proof was on appellants to overcome such presumption. The instructions were erroneous. The law does not in this kind of a case compel the plaintiff to prove a negative. If the money were proved to have been collected by the justice of the peace it would make a *prima facie* case in favor of the appellants and shift the burthen of proof on the appellees, to show that the money had been paid over. Grove v. Brown, 11 Ill. 431; Johnson v. Maples et al. 49 Ill. 101; Howard v. Slagle, 52 Ill. 336.

One other question—we must hold, that the judgments rendered by Hess, and afterward collected by him, were collected by virtue of his office, and that both Hess and his securities, the appellees, are estopped in law from denying that fact.

As to whether the other claims collected by Hess and not paid over, were collected by virtue of his office, or as the private agent of appellants, we express no opinion, for the reason that the question may be passed upon by another jury.

The court below also erred in not admitting in evidence the judgment docket of Hess showing the two judgments in favor of appellants, the one against McNabb and Diviney and the other against Price.

This evidence and the evidence of constable Weller, tending to show that he paid them to Hess, should have been admitted to the jury, leaving them to pass upon the sufficiency of the proof. For these reasons the cause is reversed and remanded.

Reversed and remanded.