## THE EAST ST. LOUIS CONNECTING RAILWAY COMPANY

*v.*

## THE PEOPLE *ex rel.* M. T. Stookey, Collector.

*Filed at Mt. Vernon January 25, 1887.*

1. TAXATION *of railroad property—assessment by the State board—jurisdiction of the county court to review the same.* Under the statute, the valuation for taxation of the main and side-tracks of railway companies is committed to the State Board of Equalization, and no appeal lies from its decision to the county court when acting on applications for judgment for taxes, or at any other time.

2. So on such an application for judgment, the county court has no jurisdiction to hear and determine an objection that the valuation of the property is fraudulently excessive, and no power to inquire into the assessment made by the State Board of Equalization, or to reduce the same; and proffered evidence that the valuation is grossly excessive, is properly refused.

3. SAME—*impeachment of the assessment made by the State board—upon what grounds.* The decision of the State Board of Equalization in fixing the valuation of railroad property for the purpose of taxation, is judicial in its nature, and can only be assailed for fraud or want of jurisdiction.

4. Ordinarily, the fraud which may be urged against an assessment, must, in general terms, have either consisted in a willful disregard by the members of the board of equalization of a known duty, for the purpose of producing a result which could not otherwise have been produced, or in their denying or preventing the tax-payer from doing something that he might lawfully have done, and but for being denied and prevented by them would have done, which would or might have had the effect to cause a lower valuation of the property to be made.

5. No mere discrepancy in judgment as to the value of property, between the members of the board of equalization and the judge of the county court, however gross, can be sufficient at law to impeach the valuation of the board.

6. ALLEGATION OF FRAUD—*of its proper elements.* Fraud being a conclusion of law, it is incumbent on one who wishes to set it up to defeat an assessment of property for taxation, to state the facts relied upon as constituting the fraud. An offer to prove it should be of facts and circumstances, and not of the fact of the existence of fraud, generally.

APPEAL from the County Court of St. Clair County; the Hon. W. J. UNDERWOOD, Judge, presiding.

Mr. CHARLES W. THOMAS, for the appellant.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was an application by the treasurer of St. Clair county, to the county court of that county, for judgment for delinquent taxes. Appellant interposed a written objection to the application, to the effect, that the valuation of the property upon which the tax was levied, was fraudulently excessive, to the extent of six-tenths on the main track, and five-tenths on the side-track, of appellant's railroad.

The bill of exceptions recites as follows: "The said objector proved, by competent testimony, that it had paid to the collector four-tenths of the taxes on its main track, and five-tenths of the taxes on its side-track, as described in the application for judgment and in the objections, and offered to prove that the assessment of the said main track, so far as six-tenths of the same was concerned, was so grossly excessive and oppressive as to be fraudulent, and that the assessment of the said side-track, so far as five-tenths of the same was concerned, was so grossly excessive and oppressive as to be fraudulent; but the court refused to permit the proof that the same was fraudulently assessed,—and to this decision of the court the said objector at the time excepted; and then the court held, as matter of law, that it had no jurisdiction over the subject matter of said objection, and no power to inquire into the assessment, or reduce the same,—and to this action and decision of the court the objector at the time excepted; and then the court overruled the said objection, and gave judgment for the whole of the unpaid taxes, as applied for,—and to this action and decision of the court the objector at the time excepted."

We perceive no reason to disagree with the views thus expressed by the judge as to the jurisdiction of the county court. Under the statute, the valuation, for taxation, of the property here affected, is committed to the State Board of Equalization. No appeal lies from its decision to the county court, when acting on applications for judgment for delinquent taxes, or

at any other time. Its decision is judicial in its nature, and it can therefore only be assailed for fraud or want of jurisdiction. *Spencer et al.* v. *The People*, 68 Ill. 513; *Porter* v. *Rockford, Rock Island and St. Louis Railroad Co.* 76 id. 561.

Obviously, the fraud which may be urged against the assessment, must, in general terms, have either consisted in a willful disregard, by the members of the board, of a known duty, for the purpose of producing a result which could not otherwise have been produced, or in their denying or preventing the tax-payer from doing something that he might lawfully do, and, but for being denied and prevented by them, would have done, which would or might have had the effect to have caused a lower valuation of the property to be made. No mere discrepancy in judgment as to the value of the property, between the members of the board of equalization and the judge of the county court, however gross, could be sufficient, at law, to impeach the valuation of the board. We have held, that on the ground, only, of a valuation being excessive, a court of equity, even, will not interfere to restrain the collection of a tax, and that to justify such interference, the property must have been fraudulently assessed at too high a rate. *Gage* v. *Evans*, 90 Ill. 569, and cases there cited.

Fraud is a conclusion of law, and it is therefore incumbent on the party who would set it up, to state the facts relied upon as constituting it. Kerr on Fraud and Mistake, (Bump's notes,) 366; *Fitzpatrick* v. *Beatty et al.* 1 Gilm. 454; *Jennings* v. *Carter et al.* 2 Wend. 450; *Sturtevant & Keeps* v. *Ballard*, 9 Johns. 342. There was no offer, here, to prove any circumstance, except the excessive valuation of the property. This was not sufficient to give the court authority to act on the question.

The judgment is affirmed.

*Judgment affirmed.*