THE ILLINOIS AND ST. LOUIS RAILROAD AND COAL COMPANY *et al.*

*v.*

MADISON T. STOOKEY, Collector.

*Filed at Mt. Vernon September 28, 1887.*

1. TAXATION—*rule of uniformity — as applicable to railroad property assessed by the State Board of Equalization, and other property assessed by the local assessors.* The State Board of Equalization having made an assessment of certain railroad property at about its cash value, the local officer extended the tax upon the basis of such valuation. The other property in the same locality was assessed for the same year, by the local assessor, at only about one-third its cash value. The railroad company sought to enjoin the collection of so much of the tax as resulted from the excess in valuation of its property over that of individuals. The contention of the company was, that by reason of the unequal valuation it would be required to pay a tax largely in excess, in comparing actual values, of individuals in the same locality, and this in violation of the rule of uniformity prescribed in the constitution. But the relief sought was denied.

2. SAME—*former decisions.* The railroad company invoked in support of its contention in that regard, the rule announced in *Bureau County* v. *Chicago, Burlington and Quincy Railroad Co.* 44 Ill. 229, and *Chicago and Northwestern Railway Co.* v. *Boone County*, id. 240, that where the property belonging to individuals in a particular locality has been assessed at less than its cash value, the constitutional rule of uniformity forbids that the property of a railroad company situate in the same locality should be assessed upon any greater per cent of its value than that of individuals. Without inquiring whether the constitutional provision in question was properly applied in those cases, it was considered that it has no application to the circumstances of the present case.

3.  SAME—*assessments by the local assessor and by the State board—as to the respective rates.* In this case the property of the individuals was assessed by the local assessor, and that of the railroad company by the State Board of Equalization, each acting under a statute not in conflict with the constitution, and which required that all property should be assessed at its fair cash value. The mere fact that the local assessor did not comply with the law in that regard could not operate to invalidate the assessment of the State board, which was in compliance with the law.

4.  SAME—*assessment by the State board—whether subject to review.* Moreover, an assessment of railroad property for taxation by the State Board of Equalization is conclusive, except where fraud has intervened.

5.  SAME—*valuation of railroad property, as returned by the company—whether binding on the State board.* The State Board of Equalization, in the assessment of railroads, is not bound by the valuation fixed upon its road, etc., by the company, and a slight error in judgment on the part of the board, in the valuation of such property, there being no fraud or corruption shown, affords no ground for enjoining any part of the taxes levied on such valuation.

Appeal from the Circuit Court of St. Clair county; the Hon. AMOS WATTS, Judge, presiding.

Mr. CHARLES W. THOMAS, for the appellants:

Section 1, article 9, of the constitution, requires that when a tax is levied by valuation, it shall be levied "so that every person and corporation shall pay a tax in proportion to the value of his, her or its property." *Bureau County* v. *Railroad Co.* 44 Ill. 229; *Railway Co.* v. *Boone County,* id. 240.

Mr. R. W. D. HOLDER, State's Attorney, for the appellee:

The cases cited have no application here. Those decisions were made under a law giving an appeal from the assessment. The fact that the local assessors may assess property at one-third its cash value will not require the State board to adopt the same basis.

The objection that the State Board of Equalization increased the valuation fixed by the schedule of the lessor of appellant, is entitled to no consideration. This court has repeatedly held that the assessor, or other body that has been provided by the

legislature for fixing the valuation of property for the purpose of taxation, has the sole and only authority to fix such valuation. *Spencer* v. *People,* 68 Ill. 512; *Railroad Co.* v. *Surrell,* 88 id. 535; *People* v. *Iron Co.* 89 id. 116; *Insurance Co.* v. *Pollak,* 75 id. 292; *Humphreys* v. *Nelson,* 115 id. 45; *Mix* v. *People,* 116 id. 265; *Railway Co.* v. *People,* 119 id. 182.

Mr. Justice Mulkey delivered the opinion of the Court:

On the 7th day of August, 1886, the Illinois and St. Louis Railroad and Coal Company exhibited its bill in the circuit court of St. Clair county, against Madison T. Stookey, treasurer and *ex officio* collector of said county, to enjoin him from collecting a portion of the taxes of 1885, which had been assessed against the complainant, as assignee of the Venice and Carondelet railway. The circuit court sustained a general demurrer to the bill, and entered an order dismissing the same, to reverse which this appeal is brought.

The bill shows that the railway in question lies within the townships of East St. Louis and of Centerville Station, in St. Clair county, and it is charged that the taxes for the year 1885 are based upon an assessment of the road by the State Board of Equalization at a fraction over its full cash value, whereas all other property within these townships not assessed by the State board, was valued and assessed by the town assessors, for the same year, at about one-third its cash value, and that the same was taxed upon that basis. Such being the facts, it is contended that the tax, to the extent complained of, is violative of the provision of the constitution requiring uniformity in taxation, and in support of this view the cases of *Bureau County* v. *Chicago, Burlington and Quincy Railroad Co.* 44 Ill. 229, and *Chicago and Northwestern Railway Co.* v. *Boone County,* id. 240, are cited.

Without stopping to inquire whether the constitutional provision in question was properly applied in those cases, it is

sufficient to say, that, in our opinion, it has no application to the circumstances of the present case. There is no claim, nor is there any ground for the claim, that the provisions of the statute governing assessments, whether made by town assessors or the State Board of Equalization, are in conflict with the constitution. The statute requires all property to be valued and assessed, for purposes of taxation, at its "fair cash value." (Revenue act, secs. 3, 4.) This requirement, however, is nothing more than what the law would imply without it, for a simple, unqualified direction to value property, by its very terms imposes the duty of ascertaining and declaring its cash value. While the appellant, as a basis for taxation, scheduled the road at $44,880, which was intended to represent half its value, only, yet it is admitted in the bill that the total value of the railway was $100,000, being only $5150 less than the valuation placed upon it by the board of equalization. When it is considered that values rest so largely in mere opinion, about which men of equal intelligence and honesty often materially differ, this small difference between the road's conceded value and its estimated value by the State board, is not at all surprising, and is clearly not of sufficient consequence to justify the present proceeding.

The taxes complained of were extended upon this valuation in strict conformity with the statute, and this is expressly so declared in the bill. It follows, therefore, that if any wrong has been done, it was by the town assessors, and not by the State board. The law required the State Board of Equalization to value the property at its fair cash value, and the taxes for that year to be extended against it upon that valuation. All this was done in substantial conformity with the requirements of the statute, yet the action of the board is assailed, and the tax is in part sought to be set aside, simply because the town assessors probably failed to perform their duty in respect to the assessment of other property in the townships.

The appellant, in effect, says the board should have disregarded this law because the town assessors had done so in the assessment of the other property in the two townships. This view of the matter we do not regard as sound. Valuations for purposes of taxation had necessarily to be left to the judgment and determination of some human tribunal. The legislature in its wisdom has confided this duty and trust, in the case of railroad property like the present, to the State Board of Equalization, and that its action in the premises was intended to be final, except where fraud or corruption has intervened, is evidenced by the fact that no appeal from its determination is provided. As was said in the late case of *Connecting Railway Co.* v. *The People ex rel.* 119 Ill. 182: "Under the statute, the valuation for taxation of the property here affected is committed to the State Board of Equalization. No appeal lies from its decision to the county court, when acting on applications for judgment for delinquent taxes, or at any other time. Its decision is judicial in its nature, and it can therefore be assailed for fraud or want of jurisdiction only." To the same effect are the cases of *Spencer et al.* v. *The People,* 68 Ill. 513, and *Porter* v. *Rockford, Rock Island and St. Louis Railroad Co.* 76 id. 561.

The bill in this case does not disclose any facts whatever to sustain the charge of fraud found in it. That the board was not bound by the valuation fixed by the company is no longer an open question, and need not be discussed. *Spencer et al.* v. *The People, supra; Republic Life Ins. Co.* v. *Pollak et al.* 75 Ill. 292; *Humphreys et al.* v. *Nelson,* 115 id. 45.

In short, we do not think, under the facts disclosed by the bill, the court had any power or jurisdiction to review the action of the State Board of Equalization, or to grant the relief prayed.

The decree will be affirmed.

*Decree affirmed.*