The St. Louis Bridge and Tunnel Railroad Company

*v.*

The People *ex rel.* James D. Baker, Collector.

*Filed at Mt. Vernon April 5, 1889.*

1. Taxation—*road and bridge tax—only one assessment in each year.* The commissioners of highways are authorized by law to make but one levy of road and bridge taxes for each year. When a levy is once made their power is exhausted for that year.

2. Same—*assessment by the State board—how far conclusive.* The decision of the State Board of Equalization in fixing the value of railroad property for the purpose of taxation is *quasi* judicial in its nature, and can only be questioned for fraud or want of jurisdiction.

3. Same—*fraudulent assessment—presumption—proof to establish fraud.* Fraud in respect to the assessment of property for taxation is not to be presumed, but must be established by the evidence, or follow as a conclusion of law from the facts proven. No mere discrepancy between the valuation of such property and the judgment of the court in that regard is sufficient to impeach such assessment for fraud.

4. Cross-errors—*when necessary.* The rule is, that unless cross-errors are assigned, objections made by the appellee will not be considered.

Appeal from the County Court of St. Clair county; the Hon. John B. Hay, Judge, presiding.

Messrs. G. & G. A. Koerner, for the appellant:

While the county court does not sit as a court of appeal in any tax case, and any defense against the rendition of judgment for taxes is allowed by law if an error has been committed on any assessment,—for instance, if the assessment was based on an assessment of a previous year, etc.,—the county court has full power to adjudicate the matter and refuse judgment.

The assessment of the bridge company's property for several successive years, as compared with the assessment of similar property in the same city, affords evidence that such assessment is not the result of an honest judgment of values.

This court will recollect the case of *Buttenuth* v. *St. Louis Bridge Co.* 123 Ill. 535, where the bridge, outside of all other property, real and personal, on which it has paid taxes, for the least valuable part of its structure, in Illinois, was made to pay one-third of the taxes of the whole township, while it was shown that outside of the railroad property the township property was worth $20,000,000, and when the assessment outside of the bridge structure was only $2,575,400. Such taxation is simply confiscation under the pretext of law.

This court has repeatedly decided that the assessor, if he adopts a basis of assessment, whether the real value or a less one, that basis must be uniform. *Railroad Co.* v. *Stookey*, 122 Ill. 358; *Railway Co.* v. *Boone County*, 44 id. 240.

The tracks of other railroads in the same territory (many alongside our track) are assessed at about $5000 per mile. Appellant's tracks are assessed at $35,000 per mile. While the same track of appellant was assessed in 1886 at $180,042, it is assessed in 1887 at $300,284, the number of miles being the same in each year. The uncontested proof in this case was, that these tracks, including the price for the real estate, —in fact, including every element to make up this kind of property,—was worth $170,000. Now, the difference of $170,000 and $360,000 is not a few thousand dollars, as was the case in *Railroad Co.* v. *Stookey*.

That such an assessment is fraudulent *per se*, is unquestionable. While under the view this court has taken it may not be necessary for the board of equalization to give notice when it intends to raise the former assessment, though we think it should be, yet where the board intends to more than double it, when the former assessment has already been excessively high, we take it that the giving no notice may be considered as an *indicium* of fraud, which we hope this court, this case being an extreme one, will not tolerate. The road and bridge tax was illegally levied. It was attempted to be levied under sections 13 and 14, chapter 121. The first sec-

tion requires that the commissioners shall meet semi-annually on the same day and place of the meeting of the board of town auditors. Article 13, section 3, of the Township law, provides that the board of auditors shall meet at the town clerk's office semi-annually, on the Tuesday next preceding the annual meeting of the county board. The annual meeting of the county board is fixed by the 49th section, chapter 34, entitled "Counties," for the second Tuesday of September of each year. The meeting, then, of the highway commissioners, under section 13, for the levy of the road and bridge tax, should have been held on the first Tuesday of September, 1887, to-wit, the 6th of September. The reason why this should be so is clearly given by this court in *Railroad Co.* v. *People*, 116 Ill. 243, and *Railway Co.* v. *Commissioners*, 117 id. 279.

However, whether there was a reason for it or not, the law is imperative that this meeting must be held on the Tuesday preceding the annual meeting of the board of supervisors. With *quasi* corporations, such as commissioners of highways, the rule obtains that their power to impose taxes will be strictly construed. *Comrs. of Highways* v. *Newell*, 80 Ill. 587.

The time of their meeting for the purpose of levying the tax, is jurisdictional. No authority is given them anywhere in the statutes to levy a tax at any other time. No authority is given the commissioners to meet on that day and adjourn their meeting for action to a later day. If they had such an authority, the proof shows that they did not exercise it. They did not meet at the office of the auditors, nor anywhere else. They passed no resolution to adjourn. According to the testimony of one of the commissioners, they agreed to meet when the sick commissioner would be well, not even fixing a certain day. If they had met, there would have been a quorum to transact business, and they knew, as they testified, that they could transact business. See, also, as to the proof of jurisdiction, *Sanderson* v. *La Salle*, 57 Ill. 441.

The tax attempted to be levied under section 14 is absolutely void, for two reasons:

*First*—Any tax imposed under that section must be imposed on the same day of the meeting designated in section 13. If at the meeting provided for in section 13 an emergency existed, whereby a greater levy than sixty cents was required, the additional levy should have been fixed at that meeting; but this additional levy was on a day not only subsequent to the legal day, but was not connected with that day by any pretended adjournment, or otherwise.

*Second*—No "contingency" existed, within the contemplation of the statute, when they attempted to levy under section 13. They had all the contingencies in view which could enter into their deliberations. Letting the contract for a larger sum than they had attempted to levy, (which was in itself unlawful,) did not constitute an emergency, within the meaning of the statute.

Mr. George Hunt, Attorney General, for the appellee:

The duty to value railway property for taxation is devolved upon the State Board of Equalization, and in the absence of fraud on the part of the board, or something tending to show fraud, beyond the mere assertion that the value of the road is less than that placed upon it by the board, the court will not interfere with or set aside such assessed valuation. The complaint here is that one road is assessed higher than another. There is no reason to presume anything improper, unlawful or fraudulent in this. In fact, the presumption would be that the roads are of unequal value.

The fact that other property is assessed too low, will not affect the validity of the tax against property assessed at its proper value. *People ex rel.* v. *Lots in Ashley,* 122 Ill. 297; *Railroad Co.* v. *Stookey,* 122 id. 358.

There is no evidence tending to show fraud in the making of the assessment in this case.

The courts are powerless to review an assessment, or change or set aside the valuation of property made by an assessor or by the boards authorized by law to review the same, when the assessment has been honestly made upon property subject to taxation, and upon proper basis. *Spencer* v. *People,* 68 Ill. 510; *Lyle* v. *Jacques,* 101 id. 644; *English* v. *People,* 96 id. 566; *Adsit* v. *Lieb,* 76 id. 198; *Porter* v. *Railroad Co.* id. 561; *Life Ins. Co.* v. *Pollak,* 75 id. 292; *People* v. *Iron Co.* 89 id. 116; *Felsenthal* v. *Johnson,* 104 id. 21; *Humphreys* v. *Nelson,* 115 id. 45; *People ex rel.* v. *Lots in Ashley,* 122 id. 297.

If it is true, as contended by appellant, that the property is assessed too high, there is no proof that it results from anything else than error in judgment on the part of the State Board of Equalization; and where an assessor has acted honestly, but erred in judgment in assessing too high or too low, the court will not interfere, or disturb the assessment. *City of Chicago* v. *Burtice,* 24 Ill. 489; *Elliott* v. *City of Chicago,* 48 id. 294; *Spencer* v. *People,* 68 id. 510; *People ex rel.* v. *Lots in Ashley,* 122 id. 297.

An assessment of railroad property for taxation by the State Board of Equalization, is conclusive, except where fraud has intervened. *Spencer* v. *People,* 68 Ill. 510; *Railroad Co.* v. *Stookey,* 122 id. 358; *Coal Co.* v. *Finlen,* 124 id. 666; *Stock Exchange* v. *Gleason,* 121 id. 502.

It is needless to discuss the proofs as to the value of the property, for the reason that this is wholly a matter for the consideration of the State Board of Equalization. If the railroad company desired a lower valuation, they should make their proofs before that board, and not before the court. No appeal lies from that body to the courts. *Ottawa Glass Co.* v. *McCaleb,* 81 Ill. 556.

As to the validity of the levy of the road and bridge tax, see *Railway Co.* v. *People,* 116 Ill. 243; *Railroad Co.* v. *Commissioners,* 117 id. 279; Cooley's Const. Lim. 520, note 2.

Under the statute of 1873, and section 191 of the Revenue Code, a failure to levy and return local municipal taxes within the time specified by law will not defeat their collection. *Buck* v. *People,* 78 Ill. 566; *Chiniquy* v. *People,* id. 570; *Railway Co.* v. *People,* 119 id. 211; *Moore* v. *Fessenbeck,* 88 id. 422; *Railroad Co.* v. *Surrell,* id. 535; *Thatcher* v. *People,* 79 id. 597; *Riverside Co.* v. *Howell,* 113 id. 267; *People* v. *Railroad Co.* 88 id. 537.

As to whether or not a contingency existed requiring a greater levy than forty cents on the $100, this court has held that when a tax is levied it is presumed to be properly levied, and the burden of proof, if objected to, is on the objector to show the illegality. The record does not show definitely what the contingency was, nor is there any evidence tending to show there was no contingency. There being no proof that there was no contingency, the court can only presume that the board of town auditors acted legally, and that the contingency did exist. But by the statute, the highway commissioners and the board of review, with the assessor, are the officers authorized to determine whether or not a contingency exists requiring the additional tax, and no authority is conferred upon a court to sit in review of that decision.

Mr. R. D. W. Holder, also for the appellee:

On application for judgment for taxes, the county court has no jurisdiction to hear and determine an objection that the valuation of the property is fraudulently excessive, and no power to inquire into the assessment made by the State Board of Equalization, or to reduce the same; and proffered evidence that the valuation is grossly excessive, is properly refused. *Railway Co.* v. *Stookey,* 119 Ill. 182; *Railroad Co.* v. *Stookey,* 122 id. 358.

The objection that the State Board of Equalization increased the valuation fixed by the schedule of appellant, is entitled to no consideration. *Spencer* v. *People,* 68 Ill. 512; *Railroad*

*Co.* v. *Surrell,* 88 id. 535; *People* v. *Coal Co.* 89 id. 116; *Mix* v. *People,* 116 id. 265; *Life Ins. Co.* v. *Pollak,* 75 id. 292; *Humphreys* v. *Nelson,* 115 id. 45; *Railway Co.* v. *Stookey,* 119 id. 182; *Railroad Co.* v. *Stookey,* 122 id. 358.

As to the road and bridge tax, appellant's counsel hold that it was illegally levied, and cite the cases of *Railroad Co.* v. *People,* 116 Ill. 243, *Railway Co.* v. *Commissioners,* 117 id. 279, and *Comrs. of Highways* v. *Newell,* 80 id. 587. See Road Law, secs. 13, 14; Rev. Stat. 1887, chap. 121, secs. 13-16; Rev. Stat. chap. 120, sec. 191.

Mr. F. G. Cockrell, for the city of East St. Louis:

The county court has no power to review the assessment, or to change or annul the same, except, perhaps, in cases of willful fraud. *Railway Co.* v. *People,* 119 Ill. 182; *People ex rel.* v. *Lots in Ashley,* 122 id. 297.

The objection to the road tax is technical, and does not go to the substantial justice of the tax. *Beers* v. *People,* 83 Ill. 488; *Buck* v. *People,* 78 id. 560; *Moore* v. *Fessenbeck,* 88 id. 422.

Mr. Justice Baker delivered the opinion of the Court:

At the May term, 1888, of the county court of St. Clair county, James D. Baker, collector, made application for judgment on the delinquent tax list for the year 1887. The St. Louis Bridge and Tunnel Railroad Company, appellant herein, filed a number of objections to the rendition of judgment against its property returned as delinquent. Some of the objections were sustained and some overruled. The present appeal brings before us three, only, of the objections that were interposed, and these were as follows:

"First, that the valuation of the tracks and the assessment made by the State Board of Equalization in the year 1887 was fraudulent on its face; second, that it was illegal, as said valuation was made on a basis different from the basis adopted.

by said board for tracks of railroads adjoining and being situated in the city of East St. Louis, and that the tracks must have been assessed at a rate five times as high as was adopted by said board for tracks belonging to other railroads; fourth, that the special road and bridge tax against the St. Louis Bridge and Tunnel Railroad Company for the township of East St. Louis was illegally levied by the highway commissioners of said township."

The last quoted of these objections, that the special road and bridge tax was illegally levied, may be disposed of very briefly. The question involved is identically that decided by this court in the late case of *St. Louis National Stock Yards* v. *The People ex rel. Baker,* 127 Ill. 22. In this case, as in that, the highway commissioners, on the 13th day of September, 1887, made a levy of forty cents on each $100 of assessed valuation, under section 13 of the Road and Bridge law, and on October 20 of the same year made an additional levy of twenty cents, under section 14 of the same statute. It was held in that case, that the levy of forty cents on the $100, made on September 13, was valid, but that the levy of twenty cents on the $100, made on October 20, was unauthorized, and invalid. It was there said, that there is no statute which authorizes two levies in one year, and that when the levy of September 13 was made, the commissioners had exhausted their power. That case must govern this in respect to the road and bridge tax, and is conclusive the objection was properly overruled by the county court in respect to the levy of forty cents, but should have been allowed in respect to the subsequent levy of twenty cents.

The first and second objections filed by appellant question the assessment made in 1887 by the State Board of Equalization, of the railroad property of appellant. The decision of the State Board of Equalization, in fixing the valuation of railroad property for the purpose of taxation, is *quasi* judicial in its nature, and can only be assailed for fraud or want of

jurisdiction. (*East St. Louis Connecting Railway Co.* v. *The People ex rel.* 119 Ill. 182.) Here, no want of jurisdiction is suggested, and the validity of these objections depends upon the claim of fraud. Fraud is not to be presumed, but must be established by the evidence, or follow, as a conclusion of law from the facts proven. The facts that appellant's property was, in 1886, assessed at $234,192, and that the same property was assessed in 1887 at $418,484, do not establish fraud. The natural inference and conclusion would be, either that the assessment of 1886 was for less than its fair cash value, or that the property had increased in value, or both. The evidence shows that about the year 1880, the property cost between $250,000 and $300,000, and it is not unreasonable to suppose that in 1887 it was actually worth $418,484, and it is not attempted to be shown that it was not, at the date last mentioned, or is not now, of that actual value. Besides this, since, by the statute, the valuation of railroad property for taxation is committed to the State Board of Equalization, no mere discrepancy in judgment, as to the value of such property, between the members of the board and the court to which application for judgment for delinquent taxes is made, however gross it may be, is sufficient to impeach the valuation fixed by the board. *East St. Louis Connecting Railway Co.* v. *The People ex rel. supra; Illinois and St. Louis Railroad and Coal Co. et al.* v. *Stookey,* 122 Ill. 358; *Ottawa Glass Co.* v. *McCaleb,* 81 id. 556.

It seems that appellant has a little over twelve miles of railroad track, and that it was assessed at about $34,000 per mile. It also appears that other railroad tracks located in East St. Louis are assessed at from $3500 to $8500 per mile. From these facts it is urged the assessment upon the property of appellant was excessive and fraudulent. The evidence does not show either the actual or the relative values of the different lines of railroad entering East St. Louis, but the court will take judicial notice of the fact that most of

these roads are long lines, extending to considerable distances through the State; that the number of trains and bulk of traffic passing over them daily is comparatively limited, and that the assessed valuation per mile placed upon them, respectively, is the average value of the whole of the lines of such several roads. But it appears from the testimony, that appellant's railroad and rolling stock are all situated within the limits of East St. Louis, and include the Relay depot and the network of tracks connected with or surrounding the same; that it is a terminal road, and is used for transferring to and from the city of St. Louis, in Missouri, the trains and cars of all the railroads entering East St. Louis, and for transferring cars from all the roads entering the city of St. Louis, to East St. Louis. In view of the location and uses of appellant's road, and of the vast aggregation of business that is done upon its twelve miles of railroad track, it would seem, the fact that the State Board of Equalization did not make an assessment of the same rate per mile for its tracks that is made against other and ordinary railroads entering or passing through East St. Louis, and even the fact that the board assessed these twelve miles of track at a rate per mile five times as high as that assessed upon tracks belonging to other railroad companies, affords no sufficient ground for the conclusion that the action of. the board was fraudulent, or that appellant has just cause of complaint. In our opinion, it was not error to overrule the first and second objections of appellant.

It is argued by appellee, in his briefs, that the county court improperly sustained certain objections filed to a special tax levied by the city of East St. Louis, and held said tax was illegally levied, and refused to render judgment therefor. No cross-errors have been assigned in this court. The rule is, that unless cross-errors are assigned, objections made by the appellee will not be considered. *Johnston* v. *Maples*, 49 Ill. 101; *Pollard* v. *King*, 63 id. 36; *The People* v. *Brislin*, 80 id.

423; *Dickson* v. *Chicago, Burlington and Quincy Railroad Co.* 81 id. 215.

For the error in rendering judgment for the additional road and bridge tax of twenty cents on the $100 valuation, levied October 20, 1887, the judgment of the county court is reversed, and the cause remanded.

*Judgment reversed.*