THE PEOPLE *ex rel.* John Moody, Appellant, *vs.* M. L. HENRY *et al.* Appellees.

*Opinion filed October 26, 1908.*

1. DRAINAGE—*commissioners cannot be compelled, by mandamus, to replace open ditch with tile.* The provision of section 17 of the Farm Drainage act that "preference shall be given to tile drains whenever these will accomplish the purpose," and of section 76 that "these ditches, if open, shall be made tile drains when practicable," vest in farm drainage commissioners a discretion as to the use of open ditches or tile drains, and such discretion can not be controlled by *mandamus* unless the commissioners have acted fraudulently. (*Drainage District* v. *Adams,* 163 Ill. 428, distinguished.)

2. PLEADING—*general averment that party acted fraudulently is not sufficient.* A general allegation that a party acted fraudulently or was guilty of fraud is a statement of a conclusion and is not a good pleading, as the facts should be averred upon which the charge of fraud is based.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Macon county; the Hon. W. C. JOHNS, Judge, presiding.

Appellant is a land owner in Drainage District No. 1 in the town of Mt. Zion, Macon county, Illinois, a drainage district organized under section 76 of the Farm Drainage act. He filed the petition in this case against appellees, the drainage commissioners in and for said drainage district, praying a writ of *mandamus* commanding said commissioners to alter the plan or system of drainage adopted by them by substituting for an open ditch through and across the lands of petitioner as decided upon by the commissioners, a tile drain of sufficient capacity to carry the waters of the district instead of said open ditch. The petition avers that the petition for the organization of the district was filed with the town clerk of Mt. Zion township in January, 1906; that on February 6, 1906, the commissioners of highways of said township, acting as drainage commissioners, made a

decision and finding for the organization of said district, and employed an engineer experienced in farm drainage to prepare profiles, maps, plans and specifications for the construction of a tile drain throughout the entire length of an open ditch that ran through the district and through petitioner's land, which had been constructed by mutual agreement of the land owners. The petition further avers that on the 9th day of March, 1906, said commissioners adopted the plan of their engineer for the laying of a tile drain, instead of the open ditch, through the district and through the lands of the petitioner, and on that day made and filed a classification of the lands. On the 10th day of March, 1906, appellees were elected drainage commissioners within and for said district to succeed the highway commissioners as such drainage commissioners, and the petition avers that in May following, appellees, as drainage commissioners of said drainage district, adopted a plan and system for the drainage of the land therein, by which it was proposed to put in a drain tile from the upper end of the district to within about 4500 feet of the outlet, and as to the said 4500 feet it was proposed to clean out said open ditch and leave it open. This open part of the ditch runs something over a half mile through petitioner's land, but its outlet is over one-fourth mile beyond petitioner's land. It is this 4500 feet of open ditch that petitioner complains of, and asks that the commissioners be commanded, by a peremptory writ of *mandamus,* to change to a tile drain of ample capacity to carry the waters of said district. The petition avers that it is practicable to construct a tile drain where it is proposed to leave an open ditch, and was so determined by the original commissioners and the engineer employed by them; that the open ditch proposed by appellees will not furnish sufficient outlet for the waters of the district on account of the increased flow caused by the tile drain above it, and by reason thereof the water will overflow and damage complainant's lands and crops. It appears from the

allegations of the petition that two of appellees are land owners in the district, and the petition avers that the commissioners, from selfish motives and to avoid paying their just proportion of the cost of extending the tile to the outlet of the ditch, and in fraud of the rights of petitioner, refused to construct such tile drain to the outlet but determined upon and adopted the plan for an open ditch. Appellees demurred to the petition. The circuit court sustained the demurrer, and appellant abiding by the petition, it was dismissed and judgment rendered against appellant for costs. On appeal to the Appellate Court for the Third District that judgment was affirmed, and the case is brought here by appeal from the Appellate Court.

L. A. MILLS, HUGH CREA, and HUGH W. HOUSUM, for appellant.

WHITLEY & FITZGERALD, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Section 17 of the Farm Drainage act confers power upon the commissioners to determine upon a system of drainage which shall provide main outlets of ample capacity for the waters of the district. "Preference shall be given to tile drains whenever these will accomplish the purpose, and when open drains are deemed necessary, if it be practicable, these shall follow boundary lines, and parallels, or right angles, as the case. may be, provided the drainage shall not be impaired thereby." (Hurd's Stat. 1905, p. 804.) Section 76 of said act, under which this district was organized, provides that "these ditches, if open, shall be made tile drains when practicable." Appellant's principal contention is that the statute is mandatory upon the commissioners, and that they have no discretion in the determination of whether an open ditch or a tile drain shall be used. It is undoubtedly mandatory on the commission-

ers to act on a petition presented to them, in accordance
with law, for the organization of a drainage district. The
use of the words in section 17, that "preference shall be
given to tile drains whenever these will accomplish the
purpose," and in section 76, "these ditches, if open, shall
be made tile drains when practicable," clearly recognizes
that in some cases tile drains would not be practicable and
therefore preference could not be given them. A number
of things are to be considered in determining whether a
tile drain is practicable or not, and these things are left
to be determined by the drainage commissioners, and their
decision, whether correct or erroneous, cannot be reviewed
and controlled by a writ of *mandamus* unless it is shown
they have acted fraudulently or corruptly. Certain rules
of law governing the issuing of the writ of *mandamus* are
well settled by the decisions of this court. It has been de-
cided that the petitioner must show a clear legal right to
the writ and that it will not be issued in cases where the
right is doubtful or uncertain; also, that where the duty
is imposed upon inferior officers to perform a specific act,
in the performance of which they are not given the exer-
cise of any discretion, the writ will generally lie, but where
the performance of the duty depends upon the exercise of
their judgment and discretion the writ will not lie to com-
pel them to act in a particular manner, though if they re-
fuse to act at all the writ will lie to compel them to act
but not to control their decision. *People* v. *Dental Exam-
iners,* 110 Ill. 180; *County of St. Clair* v. *People,* 85 id.
396; *People* v. *Rose,* 225 id. 496.

The case of *Peotone Drainage District* v. *Adams,* 163
Ill. 428, is not in conflict with the authorities above cited.
In that case the ditch had been constructed before the peti-
tion was filed, and the claim of the petitioner was that it
did not afford him an outlet for the drainage of his land
located within the district. It was shown by the evidence
that the petitioner's lands could not be drained by the ditch,

and although he had been taxed for its construction he received no benefit from it. The court held that the provision of section 17 requiring commissioners to adopt a system of drainage "which shall provide main outlets of ample capacity for the waters of the district" was mandatory; and this seems clearly correct, for the power is conferred upon them and they are given no discretion whatever with reference to constructing ditches of sufficient capacity to carry the waters of the district. If the petition in this case is good, then the decision of the commissioners as to whether they should construct tile drains or open ditches would be subject to the control of the courts in every case, for the statute does not require tile drains in all cases, but only where it is practicable.

Appellant further contends that if the commissioners have a discretion in determining whether they will construct tile drains or open ditches, this petition shows such abuse of discretion as to amount to fraud, and that upon that theory the petition should be held sufficient. No facts are averred in the petition constituting fraud. We have set out in the preceding statement the allegations of the petition relied upon under this head. The general charge that a party acted fraudulently or was guilty of fraud is a statement of a conclusion but is not a good pleading. The facts should be averred upon which the charge of fraud is based. *East St. Louis Connecting Railway Co.* v. *People,* 119 Ill. 182; *Smith* v. *Brittenham,* 98 id. 188; *Jones* v. *Albee,* 70 id. 34; 9 Ency. of Pl. & Pr. 686.

The circuit court properly sustained the demurrer to the petition, and the judgment of the Appellate Court affirming the judgment of that court is affirmed.

*Judgment affirmed.*