## J. W. Curl et al., Appellants, v. J. W. Winans et al., Appellees.

1. DRAINAGE—*discretion as to tile drains.* Section 17 of the Farm Drainage Act (J. & A. ¶ 4493), providing that preference shall be given to tile drains whenever these will accomplish the purpose, is not mandatory, and the commissioners therefore have discretion to determine whether a tile drain is practical or not.

2. DRAINAGE—*power to review decision of commissioners as to tiling drains.* A demurrer in mandamus to compel drainage commissioners to levy an assessment to clean out ditches and lay tile was properly sustained because, in the absence of fraud, the decision of the commissioners on the question as to whether a tile drain was practical or not was not subject to review.

3. DRAINAGE—*what is not fraud in decision by commissioners on practicability of tile drains.* Although the decision of drainage com-

missioners on the question of the practicability of tile drains may be reviewed in mandamus on the ground of fraud, a charge of fraud in the petition in question to compel the levying of an assessment for tile drains, in that the value of the petitioners' lands was diminished because the open ditch did not provide an adequate outlet for the water of the district, was purely a conclusion of the pleader and in any event did not constitute the fraud and corruption contemplated by the law.

Appeal from the Circuit Court of Edgar county; the Hon. AUGUSTUS A. PARTLOW, Judge, presiding. Heard in this court at the October term, 1920. Affirmed. Opinion filed May 4, 1921.

F. T. O'HAIR and F. C. VAN SELLAR, for appellants.

SHEPHERD, TRODGON & DOLE and JAMES W. and EDWARD C. CRAIG, for appellees.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

J. W. Curl and twelve other landowners in Drainage District No. 3 of the Town of Shiloh, Edgar county, Illinois, filed their petition in the circuit court of Edgar county for a writ of mandamus directed to the commissioners of said drainage district commanding them to levy an assessment sufficient to properly clean out the lower ditches of said district and to lay tile in the open ditch above the outlet of Burnham Special Drainage District. The petition was amended and appellees filed a demurrer thereto which was sustained, and appellants having abided by their petition, a final judgment was entered dismissing the petition.

It is alleged, in substance, in the amended petition that said drainage district embraces 2,300 acres; that the system of drainage adopted was an open ditch extending about two and one-half miles through the district; that after the open ditch was constructed, the Burnham Special Drainage District, embracing

700 or 800 acres lying to the west of Shiloh District No. 3, closed its open ditch, substituting therefor a tile which discharges into the open ditch of District No. 3; that the system of drainage has never given an adequate outlet for the lands of petitioners; that the commissioners of Drainage District No. 3 were requested many years ago to substitute tile for the open ditch for the purpose of furnishing an outlet for the 2,300 acres, but refused to do so; that three assessments have been made for the purpose of cleaning out, enlarging and deepening the open ditch, but that said improvements failed entirely to give petitioners an adequate outlet for the drainage of their lands; that the open ditch through their lands was not so constructed as to furnish an outlet for the waters therefrom; that, notwithstanding said improvements of the open ditch, water has for many years remained on the lands, destroying crops and grain grown thereon; that almost immediately after the open ditch had been cleaned and deepened it became obstructed with weeds, grass, willows and sediment, and became useless as a drain; that it is not possible by merely cleaning out said open ditch upon the lands of petitioners to furnish an adequate outlet, but this can be obtained by placing tile in the open ditch; that in order to give an outlet to the lands of petitioners it will be necessary to extend the tile in the open ditch below the Buck-Shiloh line to the point where said Burnham Special Drainage District tile enters the open ditch; that the commissioners have again levied an assessment for the purpose of cleaning out the open ditch which will be a useless expense and will not give petitioners adequate drainage, because the banks will wash in, débris will immediately accumulate, and the ditch will become choked with weeds and marsh grass; that between $6,000 and $8,000 are to be expended in improving the open ditch; that by the maintenance of the open ditch, when it could and

should be closed by the use of a proper tile outlet, petitioners are deprived of the use of many acres of land of the value of $400 an acre, and that it is a fraud upon them to so deprive them of such use; that almost immediately upon the completion of said improvement a like or greater sum will have to be expended for recleaning in order to give petitioners an outlet, for even then it would not be an adequate outlet as contemplated by the statute; that such course of action will be a constant source of expense to the district and will decrease the market value of petitioners' lands; that in order to make said improvements three highway bridges will have to be rebuilt at a cost of $3,560 in addition to the above-mentioned sum of $6,000; that ten partition fences will have to be cut, and that each time said ditch is cleaned out said bridges will have to be removed, replaced or rebuilt; that because of the contour of the ground it is impossible to construct or repair the open ditch in such manner that it will carry the waters of the district in an efficient manner without damaging the lands of petitioners and others more than they will be benefited thereby; that petitioners have repeatedly requested the commissioners to give them a proper outlet by laying tile in place of the open ditch, but that they have refused so to do; that the cost of constructing the tile drain will not be greater than the benefits received by said lands; that it is well known to the commissioners that the only adequate system of drainage that can be devised for the lands of petitioners and those lying above and south of the Burnham Special Drainage District is a system of tile drains laid in or near the open ditch, and that the statute imposes an imperative duty on the commissioners to construct such tile drains, etc.,

The position of appellants is that section 17 of the Farm Drainage Act (J. & A. ¶ 4493), providing that, "preference shall be given to tile drains whenever

these will accomplish the purpose," is mandatory and that under the averments in the petition showing that it was practicable to use tile drains, which the demurrer admits to be true, the commissioners have no discretion but to use the tile. This contention is very clearly answered by the case of *People v. Henry*, 236 Ill. 124, where it is held that section 17 recognizes that in some cases tile drains would not be practicable and therefore preference could not be given them and that the commissioners must therefore have a discretion to determine whether a tile drain is practical or not, and in the absence of fraud their decision whether correct or erroneous cannot be reviewed and controlled by a writ of mandamus. To the same effect are *Adolph v. Drainage Dist. No. 2 Com'rs*, 276 Ill. 483, and *People v. Omen*, 290 Ill. 59.

The only fraud charged in the petition is the averment that because the open ditch does not provide an adequate outlet for the water of the district the market price or value of the lands of petitioners is diminished, which is a fraud upon them. These are purely conclusions of the pleaders and in any event do not constitute the fraud and corruption contemplated by the law.

The judgment of the circuit court is affirmed.

*Affirmed.*