# The St. Louis National Stock Yards

*v.*

## The People *ex rel.* James D. Baker, Collector.

*Filed at Mt. Vernon January 26, 1889.*

1.  Road and bridge tax—*time and manner of making levy.* The commissioners of highways, in making a levy of a road and bridge tax, can only act in the manner and at the time specified in the statute. They must exercise the powers conferred upon them by the legislature as they are given, or their acts will be nugatory.

2.  Same—*completing levy at an adjourned meeting.* The statute requires the commissioners of highways to meet to determine the rate per cent of road and bridge taxes, at the same place of meeting of the town board of auditors, on the day of the semi-annual meeting which precedes the annual meeting of the county board; and if they fail to meet and enter upon the consideration of the matter, but meet and make the levy at a later date, their action will be void.

3.  But when the commissioners, or two of them, meet, and the question of fixing the rate of the road and bridge tax is brought up, but not finally decided, and the meeting is adjourned to a fixed day when there is a full attendance of the board, and the rate is then fixed, the levy will be valid and binding.

4.  Same—*rate of levy in excess of sixty cents.* The commissioners of highways, with the consent of a majority of the town auditors, properly obtained, may levy, in view of some contingency, an additional rate of taxes, not exceeding forty cents upon the $100; but this levy must be made at the same time the ordinary levy is made. There is no authority of law for two levies of such taxes for the same year. They can make but one levy and one certificate.

5.  When the commissioners of highways, after levying and certifying the road and bridge tax, again meet, and with the consent of the board of town auditors levy an additional tax to meet certain contingencies, and certify the same, the latter levy will be void, and it will be error to render judgment against lands for such tax.

Appeal from the County Court of St. Clair county; the Hon. J. B. Hay, Judge, presiding.

Messrs. Messick & Rhoads, for the appellant:

The levies of the road and bridge taxes were illegally made, the first because made at a meeting held on a day different

from that fixed by the statute, and the second for the same reason, and because the commissioners had made a preceding levy, and thereby exhausted their powers.

Commissioners of highways have no power other than such as is given them by the statute, and they must pursue the statute strictly, in the imposition of road and bridge taxes. 1 Dillon on Mun. Corp. sec. 25, p. 32; 2 id. p. 766, sec. 769; Cooley on Taxation, (2d ed.) 276, 348; Burroughs on Taxation, 396, secs. 133, 401; *Commissioners* v. *Newell*, 80 Ill. 587; *Smith* v. *Wilson*, 57 Miss. 138; *Oliver* v. *Carsner*, 39 Texas, 396.

Mr. F. G. Cockrell, for the City of East St. Louis:

The objections made to the taxes are technical, and do not go to the substantial justice of the tax. *Beers* v. *People*, 83 Ill. 488; *Buck* v. *People*, 78 id. 560; *Moore* v. *Fessenbeck*, 88 id. 422; *Railway Co.* v. *Surrell*, id. 535.

Mr. Chief Justice Craig delivered the opinion of the Court:

This was an application, by the collector, to the county court of St. Clair county, for judgment against lands for the delinquent taxes for the year 1887. The St. Louis National Stock Yards appeared and objected to a judgment for the road and bridge tax levied by the commissioners of highways of the town of East St. Louis, on the ground that the tax was not levied at the time or in the manner prescribed by law. The court, upon the evidence introduced by the respective parties, overruled the objection, and rendered judgment for the entire tax levied by the commissioners.

The statute prescribes the time when the road and bridge tax shall be levied, and the manner in which the levy shall be made. Section 13, chapter 121, (Starr & Curtis' Stat. p. 2140,) provides that the highway commissioners shall meet to determine the rate per cent of tax that shall be levied for road and bridge purposes, at the same place of meeting of the

town board of auditors, on the day of the semi-annual meeting which precedes the annual meeting of the county board. Section 3, article 13, of the township law, provides that the board of town auditors shall meet semi-annually, on Tuesday next preceding the annual meeting of the county board, etc. Section 49, chapter 34, provides that the annual meeting of the county board shall be on the second Tuesday of September of each year.

Section 13, above alluded to, limits the amount of tax which the commissioners may levy, to sixty cents on each $100. Section 14 of the statute provides a mode in which a greater amount may be levied, in view of a contingency.

The first Tuesday of September, in the year 1887, (the time provided by the statute for the commissioners to meet and make the levy,) occurred on the 6th day of that month. No levy, however, was made on that day, but on the following Tuesday (September 13,) the commissioners met, and made a levy of forty cents on each $100 of the taxable property of the town. Upon making the levy, the commissioners executed, under seal, a certificate, as follows:

"It is hereby certified by the commissioners of highways of the town of East St. Louis, that the rate per centum finally agreed upon by said commissioners at their semi-annual meeting, held on the 13th day of September, 1887, by virtue of sections 13 and 14 of the act entitled 'An act in regard to roads and bridges in counties under township organization, and to repeal an act and parts of acts therein named,' is forty cents,—twenty cents for each.

"Given under our hands and seals, as said commissioners of highways, this 13th day of September, 1887."

It is contended that this levy is void, because not made on the 6th day of September,—the time fixed by the statute when the commissioners shall act. It is true that the commissioners of highways, in making a levy, can only act in the manner

and at the time specified in the statute. They must exercise the powers conferred upon them by the legislature as they are given, or their acts will be nugatory; and we think it is a plain proposition, that if no meeting had been held and no action had been taken on the 6th day of September, the levy made in the following week would have been void. But the record of the commissioners of highways, read in evidence on the trial, shows that on the 6th day of September a meeting was had, and the question of fixing upon the rate of tax was brought up, but as one of the commissioners was absent, the meeting was adjourned, for final action, until the 13th day of September. After the commissioners met on the day specified in the statute, we do not think it was an abuse of power to defer action and adjourn to a specified day, and then resume the business which had been commenced at the time prescribed by the statute. If, for any satisfactory cause, the commissioners were unable to complete the business before them on the day specified in the statute, we think they had the right to adjourn over to a certain specified day, and then, on that day, meet, and go on with the business. So far, therefore, as the levy of September 13 is concerned, we think it is valid.

It appears, however, that on October 20 the commissioners held another meeting, and made an additional levy of twenty cents on the $100. This action, it is claimed, was authorized by section 14 of the statute, which is as follows:

"If, in the opinion of the commissioners, a greater levy is needed, in view of some contingency, they may certify the same to the board of town auditors and the assessor, a majority of whom shall be a quorum; and with the consent of a majority of this entire board, given in writing, an additional levy may be made, of any sum not exceeding forty cents on the $100 of the taxable property of the town."

The consent of a majority of the board of town auditors was obtained, but at the time the consent was obtained, on

the 20th day of October, the commissioners of highways had no authority to make a levy. There is no statute which authorizes two levies in one year, and when the levy of September 13 was made, the commissioners had exhausted their power. If, when the commissioners met, as authorized and required under section 13, a greater levy was needed, in view of some contingency, than sixty cents on the $100, they might then apply to the board of town auditors for consent, and if consent is given, the levy may be increased. But this can only be done on Tuesday next preceding the annual meeting of the county board. This is manifest from the language of section 16 of the statute, which declares : "The commissioners, at said semi-annual meeting, shall make a certificate of the rate per centum finally agreed upon, by virtue of sections 13 and 14 of this act, which shall be delivered to the town clerk." This does not contemplate that the commissioners may take action under one section at one time, and afterwards proceed under the other. Nor does the statute contemplate two certificates of levy, but, on the other hand, one levy and one certificate.

But it is not necessary to elaborate this matter. We are satisfied that the levy of twenty cents on the $100 of taxable property of the town on October 20 was unauthorized, and as respects this part of the tax the county court erred in rendering judgment against appellant's property for the same.

The judgment of the county court will be reversed, and the cause remanded.

*Judgment reversed.*