| 197 | 411 |
|-----|-----|
| 206 | 1572 |
| 109a | 1329 |

The Chicago and Northwestern Railway Company
*v.*
The People *ex rel.* Henry McGough, County Collector.

*Opinion filed June 19, 1902.*

1. Taxes—*highway commissioners must follow statute to levy valid tax.* Highway commissioners can act only in the manner and at the time specified by statute, and a tax levied at a time other than that so specified is void when objected to.

2. Same—*when road and bridge tax must be levied.* When fixing the amount of road and bridge tax and the amount for the payment of outstanding orders drawn by them on their treasurer, the highway commissioners are required by statute to meet on the same day and at the same place as the meeting of the board of town auditors, which is at the town clerk's office on the first Tuesday of September of each year.

Appeal from the County Court of Kane county; the Hon. M. O. Southworth, Judge, presiding.

Botsford, Wayne & Botsford, for appellant.

William J. Tyers, State's Attorney, for appellee.

Mr. Justice Wilkin delivered the opinion of the court:

This is an appeal from a judgment of the county court of Kane county entered against the property of appellant for $98.25, being the road and bridge taxes for the year 1900, levied by the commissioners of highways of the township of Aurora, in said county.

Upon the filing of the list of delinquent taxes in the county court and application for judgment, appellant filed its objection, as follows: "The road and bridge tax levied as aforesaid is void, for the reason that no meeting of the commissioners of highways for the purpose of making the tax levy was held on the Tuesday preceding the annual meeting of the county board, but was made on the Saturday preceding the time fixed by law for such meeting of the commissioners." The county court overruled this objection, and upon this appeal the only assignment of error is the action of the county court in this regard.

When determining the amount of tax to be levied for road and bridge purposes and for the payment of any outstanding orders drawn by them on their treasurer, the statute requires the commissioners of highways to meet on the same day and at the same place of the meeting of the board of town auditors. (Starr & Cur. Stat. 1896, chap. 121, sec. 13.) The town auditors are required to meet at the town clerk's office on the Tuesday next preceding the annual meeting of the county board, (Ibid. chap. 139, art. 13, sec. 3,) and the time for the meeting of the county board is fixed by statute on the second Tuesday of September of each year. (Ibid. chap. 34, par. 51.) Instead of meeting on the Tuesday preceding the annual meeting of the county board, the highway commissioners of the township of Aurora met on the Saturday preced-

ing, which was September 1, 1900, and the contention of appellant is, that the taxes levied on this day are void because not levied at the time directed by the statute. The objection to the tax should have been sustained. It is well settled that the commissioners of highways can only act in the manner and at the time specified in the statute, and a tax levied at a time other than that specified by statute is void when objected to by the tax-payer. *St. Louis Nat. Stock Yards* v. *People ex rel.* 127 Ill. 22; *Chicago and Alton Railroad Co.* v. *People*, 190 id. 20, and authorities there cited.

Counsel for appellee insists there is no evidence in this case that the highway commissioners failed to meet with the town auditors on the Tuesday next preceding the annual meeting of the county board, as required by statute, and therefore it will be presumed that the officers did meet at the proper time and performed their duty. The record before us not only shows that the tax was levied on September 1, 1900, but it also shows that no other meeting by the highway commissioners for levying taxes was held that year.

This is not the case of a "mere error or informality in the proceeding of the officers connected with the levying of the tax, not affecting the substantial justice of the tax itself," as contended by counsel. The exact time is fixed by law, for the purpose of giving the parties interested a hearing, if for any reason they should desire it, and therefore to meet at another time to levy the tax may affect the substantial justice of the tax itself. As is said in *Chicago and Alton Railroad Co.* v. *People, supra*, the requirement of the statute as to the time of meeting is mandatory.

The judgment of the county court must be reversed and the cause remanded, with directions to sustain appellant's objection to the tax.

*Reversed and remanded.*