THE PEOPLE *ex rel.* Archie E. Woods, County Collector, Appellant, *vs.* SIMON F. MYERS, Appellee.

*Opinion filed December 17, 1912.*

1. TAXES—*election for hard roads may be upon separate ballot from the one used for town election.* Where an election to vote upon the proposition for building hard roads is held at the same· time as the election for town officers it is not improper to use a separate ballot for such proposition. (*Harvey* v. *Cook County,* 221 Ill. 76, distinguished.)

2. SAME—*the ballot should follow the petition for the election.* Where one petition asks for a vote on building one hard road, (describing it,) and another asks for a vote upon building two roads, (describing them,) the ballot should not call for a vote on each road ,as a separate proposition, but should be for the one road as one proposition, and the other two as another.

3. SAME—*form prescribed by legislature for negative vote is a matter of substance and must be followed.* In preparing the ballots for an election upon the proposition to build hard roads the form prescribed by the legislature for thè negative vote upon the proposition is a matter of substance and must be followed, and it is not sufficient that some other method of indicating a negative vote is provided, as a failure to comply with the law in a matter of substance renders an election void.

APPEAL from the County Court of Edgar county; the Hon. DAN V. DAYTON, Judge, presiding.

R. S. DYAS, State's Attorney, (W. H. CLINTON, of counsel,) for appellant.

SHEPHERD & TROGDON, (H. S. TANNER, J. E. DYAS, and FRED RHOADS, of counsel,) for appellee.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

This appeal is from the judgment of the county court of Edgar county sustaining appellee's objection to the tax levy for three gravel roads in Stratton township. In January, 1911, two petitions were presented to the town clerk

256 – 34

for an election upon rock or gravel roads, one describing two roads and the second another road. At the next town meeting an election was held as to each of the three roads and the majority of the votes cast was in favor of each.

Various objections were presented to the county court and have been argued here, but in the view we take of the case only those referring to the ballot used at the election require notice.

The election was held at the same time as that for town officers, and a separate ballot was used for the latter election from that used for the road election. Section 2 of the Hard Roads act (Hurd's Stat. 1911, p. 2036,) provides that "the ballots at said election shall contain the following form: 'For special tax for gravel, rock, macadam or other hard roads.' 'Against special tax for gravel, rock, macadam or other hard roads.'" It is insisted that this form should have been printed upon the ballot used at the election of town officers instead of upon a separate ballot, and the case of *Harvey* v. *Cook County,* 221 Ill. 76, is cited in support of the contention. In that case the statute provided for the submission to the voters of Cook county of an amendment to the Torrens law at the election in November, 1904, or at any election for the election of judges of the year in which the question should be submitted, and that the question as to the adoption of the amendment should be printed at the top of the ballots to be used for said election. It was there held that "the ballots to be used for said election" meant the regular ballots containing the names of candidates to be voted for at the election. The hard roads election, however, may be held either at a regular election or a special election held for that purpose. In the latter case the ballot would be a special one, and the language of section 2 applies equally to both cases. It does not require a ballot at a general election different from that at a special election, and the separate ballot was not unauthorized by law.

One petition asked for a vote on one road, called road No. 3, and the other for a vote on two roads, called road No. 1 and road No. 2. The ballots voted were not for road No. 1 and road No. 2 together and for road No. 3 separately, but were for road No. 1, road No. 2 and road No. 3 separately. The vote as to roads Nos. 2 and 3 was not authorized by law. The petitioners had the right to determine the roads they wished to have improved and to ask for a vote upon them. The proposition they asked to have submitted was a proposition to improve both roads and not a proposition to improve either separately. The ballots should have submitted the proposition petitioned for, and not a separate proposition for each road.

It is further insisted that the election was invalid because the ballots were not such as the statute prescribes. The ballots were in the following form:

| For special tax for rock or gravel—Road No. 1 | Yes...... No....... |
|---|---|
| For special tax for rock or gravel—Road No. 2 | Yes...... No....... |
| For special tax for rock or gravel—Road No. 3 | Yes...... No....... |

The appellee contends that the ballots should have been prepared in the form prescribed by section 2, as hereinbefore set out, and in this he is sustained by the decisions of this court. (*Village of East Springfield* v. *City of Springfield,* 238 Ill. 534.) It is insisted, on the other hand, that the voters must have fully understood the ballot, that they were not misled and that no injustice resulted. The legislature has not seen fit to require elections of this character to be conducted under the provisions of the Ballot law, as it has done, by section 16 of that law, in the case of constitutional amendments and other public measures to be voted upon by the people, but has left them to be conducted as before the passage of that law.

These ballots did not substantially conform to the form prescribed by the statute. The negative of the proposition did not appear upon them. They were more nearly in accordance with the Ballot law. Since the legislature has, however, determined absolutely the form of ballot to be used, the officers charged with carrying out the law should conform to its requirements. A failure to comply with the provisions of the law in a matter of substance in conducting an election renders the election void. It is a matter of substance in this case to omit the negative of the proposition voted upon, even though another method of indicating the negative than that authorized by law is provided.

The election in Stratton township did not authorize the levy of the tax. The judgment will be affirmed.

*Judgment affirmed.*