---

(No. 11668.—Judgment affirmed.)
THE PEOPLE *ex rel.* Archie Vance, County Collector, Appellee, *vs.* WALTER ELLEDGE *et al.* Appellants.

*Opinion filed December 19, 1917.*

1. TAXES—*proposition for special tax for hard roads may be included with other propositions on same ballot.* The proposition for a special tax for hard roads, when voted for at a general election, may be included with other propositions of public interest on the same ballot.

2. ELECTIONS—*meaning of Ballot law as to printing of propositions on "separate" ballot.* The provisions of the Ballot law for separate ballots when public measures are voted on means that all such propositions shall be printed upon a ballot separate from the ballot upon which the names of candidates are printed, and not that each proposition to be voted on shall be on a separate ballot.

APPEAL from the County Court of Edgar county; the Hon. DAN V. DAYTON, Judge, presiding.

F. C. VANSELLAR, for appellants.

W. H. HICKMAN, and WALTER S. LAMON, for appellee.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This is an appeal from the judgment of the county court of Edgar county overruling objections to the hard road tax of the town of Grandview. The hearing was had upon a stipulation of facts, and the sole question to be decided here is whether the question of a special tax for hard roads, when

voted for at a general election, should be placed on a separate ballot by itself or may be included with other questions of public interest on the same ballot. Three propositions of public interest were printed in that town on a separate proposition ballot: First, as to borrowing $30,000 for hard roads; second, as to a special tax for hard roads (the question involved on this hearing); and third, as to abolishing the poll tax in said town.

Section 55 of the Road and Bridge law provides for a vote to be submitted to the legal voters of a town or district at the annual town meeting or annual district election as to whether the poll tax shall be abolished, but the statute does not state whether or not such proposition shall be placed upon a separate ballot and does not give the form of the ballot. (Hurd's Stat. 1916, p. 2272.) Section 108 of the Road and Bridge law provides for a vote on a special tax for hard roads, on proper petition being filed. Section 109 provides for the form of the ballot for said vote but does not state whether or not it shall be on a separate ballot. (Hurd's Stat. 1916, p. 2285.) Section 112 of the Road and Bridge law provides for voting on the question of borrowing money for roads and that the vote may be at a regular or special election, and also the form of ballot, and that the vote shall be by a separate ballot. (Hurd's Stat. 1916, p. 2286.)

It is conceded that this court has decided in *People* v. *Myers,* 256 Ill. 529, that the hard road tax proposition can be on a ballot separate from that containing the names of the candidates for office, but it is insisted here that each proposition, under the wording of said sections 109 and 112, should be by itself, on a separate or special ballot. In the *Myers case* it was held that the hard road tax proposition could be upon a ballot separate from the ballot on which were printed the names of the candidates in accordance with the provisions of the Ballot law. A reference to the sections of that law as to the printing of proposition ballots

281 – 38

will assist in reaching a correct conclusion on this subject. Sections 14 to 16, inclusive, of the Ballot law, (Hurd's Stat. 1916, pp. 1182, 1183,) provide for the printing of ballots for voting for candidates and for propositions. Section 16 reads, in part, as follows: "The said separate ballot shall be printed on paper of sufficient size so that when folded once it shall be large enough to contain the following words, which shall be printed on the back: 'Ballot for constitutional amendment,' or the name of any and all public measures then to be voted on. This ballot shall be handed to the elector at the same time as the ballot containing the names of the candidates. * * * All provisions of this act relating to ballots shall apply to this separate ballot." It is clear from the wording of this section that the legislature did not intend a separate or special ballot for each proposition to be submitted to the voters. This is the reasonable and natural construction of this section, and it has been assumed, so far as. we know, by this court and all public officials that had to do with the question, that all propositions should be printed upon a ballot separate from the ballot upon which the candidates' names were printed but all propositions upon the same ballot. (See *Harvey* v. *Cook County,* 221 Ill. 76; *People* v. *Myers, supra.*) In each of those cases more than one proposition was submitted to the voters on the same ballot. The word "separate," as used in this portion of the statute, means a ballot separate from the ballot for candidates. This is the only common sense construction of these provisions of the Ballot law. To hold otherwise would greatly burden the election officials and tend to mislead the voter by placing so many ballots in his hands to be voted on at the same time.

The judgment of the county court in overruling this objection to the hard road tax, will be affirmed.

*Judgment affirmed.*