(Nos. 28823-28829, incl.—)
THE PEOPLE *ex rel.* Robert J. Ingram, County Collector, Appellee, *vs.* LOUISVILLE AND NASHVILLE RAILROAD COMPANY *et al.*, Appellants.

*Opinion filed September 19, 1945.*

WHEATLEY & COMBE, of Harrisburg, HAROLD BALTZ, of Belleville, and FEIRICH & FEIRICH, of Carbondale, (VERNON W. FOSTER, R. C. BECKETT, and M. J. CHERRY, all of Chicago, SAMUEL W. BAXTER, CHARLES P. STEWART, and THOMAS A. McCORMACK, all of Cincinnati, Ohio, and STEVENS & HERNDON, of Springfield, of counsel,) for appellants.

K. C. RONALDS, State's Attorney, of Harrisburg, and HARRY J. FLANDERS, of Eldorado, for appellee.

Mr. JUSTICE MURPHY delivered the opinion of the court:

Causes Nos. 28823, 28824, 28825, 28826, 28827, 28828 and 28829 have been consolidated for opinion. Each of them presents a single question as to the validity of a tax levied by the board of supervisors of Saline county for tuberculosis sanitarium purposes for the year 1943. The county court of that county overruled the objections and these appeals followed.

Each cause was presented as an agreed case. The pertinent facts are that on November 3, 1942, voters of the county voted as to whether a tax of 1½ mills on the dollar in excess of the county's statutory limit of 25 cents per hundred dollars valuation should be levied for the years 1943-1956, inclusive, for tuberculosis sanitarium purposes. The ballot upon which the proposition was submitted was in the following form:

### QUESTION OF PUBLIC POLICY BALLOT

"SHALL there be levied an additional tax not to exceed a rate of one and one-half (1½) mills on each dollar of the taxable property of Saline County, Illinois, in excess of the statutory limit of twenty-five cents per one hundred dollars valuation for county purposes, for the years 1942, 1943, 1944, 1945, 1946, 1947, 1948, 1949, 1950, 1951, 1952, 1953, 1954, 1955, and 1956, as assessed and equalized for State and County purposes for the care of tuberculous patients of Saline County in public or private sanitariums of the State of Illinois in accordance with the provisions of 'An act to authorize county authorities to establish and maintain a county tuberculosis sanitarium,' approved June 28, 1915, and enforced July 1, 1915, as amended?"

The question carried by a substantial margin, and for the year 1943 the county clerk extended the tax at the rate of 1½ mills on the dollar.

All agree that the only question is as to the sufficiency of the ballot. The election was held pursuant to section 27 of the Counties Act (Ill. Rev. Stat. 1943, chap. 34, par. 27,) and was for the purpose of ascertaining the will of the voters of the county as to whether a tax of 1½ mills in excess of the maximum allowed by section 25 should be levied for the years stated for tubercular sanitarium purposes. Section 27 provides that "Upon the submission of such question, the votes cast in favor of the proposition

shall be 'For additional tax in excess of statutory limit of —— cents per one hundred dollars valuation' and those opposed shall be 'Against additional tax in excess of statutory limit of —— cents per one hundred dollars valuation'." The legislative purpose in enacting the statute was to provide a means whereby the board of supervisors of a county could levy a tax which would be an increase in the power of taxation as given by any other statute. Thus the subject matter of the legislation as well as the language used indicates that compliance with its provisions is mandatory. . The language which directs that when a question is submitted to the voters at an election the voters "shall" vote "for additional tax" or, if opposed, "against additional tax," is the very essence of the statement of the question to be voted upon. Under such statutory directions the courts can not say that another and different way of stating the proposition would be compliance or that voters readily understood the substituted statement of the question.

In *People ex rel. Woods* v. *Myers,* 256 Ill. 529, the statute involved provided for an election authorizing the levying of a special tax for road purposes. It directed that the ballot should be "For a special tax," etc., "against special tax," etc. The ballot used stated the proposition in the affirmative with the words "yes" and "no" on the right margin, but it did not contain a statement of the negative. It was said: "A failure to comply with the provisions of the law in a matter of substance in conducting an election renders the election void. It is a matter of substance in this case to omit the negative of the proposition voted upon even though another method of indicating the negative than that authorized by law is provided." In *People ex rel. Sandberg* v. *Grabs,* 373 Ill. 423, the statute provided for the calling of an election and submitting the proposition of the adoption of the provisions of an act for the appointment of a board of fire and police commissioners. The form of ballot prescribed included a state-

ment of both the affirmative and the negative. The ballot as submitted was prepared in accordance with section 16 of the Ballot Law and, following the statement of the affirmative of the proposition, the words "yes" and "no" were placed on the right margin with appropriate squares for the marking of the same. It was held that the form of the ballot was a matter of substance and that the form submitted did not comply with the requirements of the statute.

In *People ex rel. Burkholder* v. *Peoria and Eastern Railway Co.* 375 Ill. 197, the form of the ballot which was used at an election held under the statute under consideration in this case was before the court. The ballot used in that case did not contain a statement of the negative of the proposition. The affirmative was stated with the words "yes" and "no" being on the margin in the place where the words "for" and "against" appear in the ballot used in the instant case. It was held that the failure to state the proposition in the negative as required by section 27 rendered the ballot and the election void. The ballot in that case and the one in the instant case are so similar that what was said in the former case is controlling here.

Counsel for the People rely upon what was said in *Knappenberger* v. *Hughes,* 377 Ill. 126. That case noted the distinction between a class of cases where the statute prescribing the form of ballot had been substantially followed and that class of cases where the requirements of the statute had not been complied with. It held that if there was a substantial compliance with the statute, then a slight variance which did not go to the substance of the proposition would not invalidate the election. The conclusion reached in this case is in harmony with what was said in the *Knappenberger case.*

For the reasons assigned, the judgments in *People ex rel. Ingram* v. *Louisville and Nashville Railroad Co.* No. 28823; *People ex rel. Ingram* v. *Illinois Central Railroad*

*Co.* No. 28824; *People ex rel. Ingram* v. *New York Central Railroad Co.* No. 28825; *People ex rel. Ingram* v. *Central Illinois Public Service Co.* No. 28826; *People ex rel. Ingram* v. *Sahara Coal Co.,* No. 28827; *People ex rel. Ingram* v. *Peabody Coal Co.* No. 28828; and *People ex rel. Ingram* v. *Deering Coal Co.* No. 28829, are reversed and the several causes are remanded, with directions to enter judgment sustaining the several objections.

*Reversed and remanded, with directions.*