(No. 29529.—

THE PEOPLE *ex rel.* Baylus Hargrave, County Collector, Appellee, *vs.* THE BALTIMORE AND OHIO RAILROAD COMPANY, Appellant.

*Opinion filed September 18, 1946.*

KRAMER, CAMPBELL, COSTELLO & WIECHERT, of East St. Louis, (MORISON R. WAITE, and WILLIAM A. EGGERS, of Cincinnati, Ohio, of counsel,) for appellant.

ALBERT W. MCCALLISTER, State's Attorney, of Carmi, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant appeals from a judgment of the county court of White county overruling its objections to county taxes extended for tuberculosis purposes against its property for the year 1944.

On the trial an agreed statement of facts and stipulation was entered into that the People had made out a *prima facie* case for judgment for delinquent taxes and that appellant filed objections thereto in due form and had complied with the provisions of section 194 of the Revenue Act of 1939. Ill. Rev. Stat. 1945, chap. 120, par. 675.

County taxes for tuberculosis purposes were extended for the year 1944 against all taxable property in said county at the rate of 15 cents on each $100 valuation in addition to the maximum rate of 25 cents on each $100 valuation for general county purposes. Appellant's taxes, to which objections were filed, were $796.28.

The sole question raised by appellant's assignment of errors is whether the record of the proceedings of the board of supervisors of said county of June 8, 1943, calling an election to vote upon the question whether the county be authorized to levy a tax not exceeding 1½ mills on each dollar of the assessed valuation of the taxable property in said county, in excess of the statutory limit of 25 cents on each $100 valuation as assessed and equalized for State and county purposes, is valid.

The complete record of the county board's proceedings is as follows:

"Now at this time comes Dr. Mary B. Meade and files herein and presents to this Board a petition signed by more than one hundred legal voters of this county' praying that this Board levy an annual tax of not to exceed one and one-half mills on each dollar of the assessed valuation of the taxable property of White County, Illinois; said tax to be used for the care and treatment of persons afflicted with tuberculosis and providing the means therefor. (Approved June 28, 1915, title as amended by act approved March 17, 1939.)

"Said petition further prays that this Board submit this proposition for a referendum vote at the next general election to be held in November, 1942.

"Said petition further prays that in submitting this proposition at the next general election, it be submitted in such form that the tax may be raised in excess of the statutory tax limit, in accordance with the provisions of the statute for raising tax in addition to the statutory limit as amended by act approved June 24, 1929.

"And now this Board having examined said petition, finds that the same is in proper form and that the prayer of the petition should be and the same is hereby granted.

"It is further ordered by this Board that the County Clerk of this County be and he is hereby authorized and directed to take all necessary steps to submit this proposition to the voters in proper form at the next general election to be held in November, 1942."

The ballot used at the election held November 3, 1942, was for and against "the levy of a tax in White County, Illinois for the years 1943, 1944, 1945, 1946, 1947, 1948, 1949, 1950, 1951, 1952, 1953, 1954, 1955 and 1956, said tax to be in excess of and in addition to the statutory limit of twenty-five cents for $100 valuation as assessed and equalized for state and county purposes; said excess tax not to exceed 1½ mills on each dollar of the assessed valua-

tion of the taxable property in White County, Illinois; said excess tax to be for the purpose of providing care and treatment for persons afflicted with tuberculosis who are residents of White County in accordance with the provisions of 'An Act relating to the care and treatment by counties of persons afflicted with tuberculosis and providing the means therefor.' (Approved June 28, 1915. Title as amended by Act approved March 17, 1939.)"

During the trial of these tax objections, on November 22, 1944, the court granted leave to amend the record of the county board to show an order for an election fixing the years in which the tax was to be extended, to conform with the ballot in that regard. This was over two years after the election which was held in November, 1942. A resolution of the county board, adopted December 23, 1944, recites this amendment. This resolution also stated that the canvass of the votes at said election shows the proposition submitted carried and the county clerk was ordered to extend the tax "as authorized by said election in the manner and form prescribed by law." Appellant deposited the amount required by section 237 of the Revenue Act of 1939 and perfected its appeal.

Appellant contends that the board of supervisors of said county did not, in its resolution calling for a referendum vote upon the question whether a levy not exceeding 1½ mills on each dollar of assessable property in the county in excess of the statutory limit of 25 cents on each $100 valuation be made, comply with the provisions of section 27 of the Counties Act. (Ill. Rev. Stat. 1945, chap. 34, par. 27.) It is pointed out that the resolution of the county board did not specify the number of years the tax to be voted upon should be extended, and did not specify the amount necessary to be raised in excess of the 25-cent limit.

Section 27 of the Counties Act provides that: "Whenever the county board shall deem it necessary to assess taxes the aggregate of which shall exceed the taxes which

are authorized to be levied without a vote of the people as provided in section 25 of this Act, the county board may, by an order entered of record, set forth substantially the amount of such excess required, the purpose for which the same will be required, and the number of years such excess will be required to be levied, * * * and provide for the submission of the question of assessing the additional rate required, to a vote of the people * * *."

It is clear that the record of the board of supervisors did not set out the amount, nor the number of years the levy in excess of the statutory limitation was to be made. It directed the county clerk to take all necessary steps to submit the proposition to the voters in "proper form" at the next general election to be held in November, 1942.

Appellant argues that the county clerk had no authority, in preparing the proposition to be submitted to the voters, to fix the number of years for which such tax should be levied, as he is but a ministerial officer and cannot perform a legislative or judicial function. This is correct. (*People ex rel. Carr* v. *Pittsburgh, Cincinnati, Chicago and St. Louis Railway Co.* 316 Ill. 410.) It is his duty, under the statute, to merely extend the taxes as they appear upon the books. *People ex rel. Kinsella* v. *Opel,* 207 Ill. 469.

Section 27 provides the prerequisite procedure of the county board before a vote of the people can be legally had for authority to levy more than the statutory limit of 25 cents on each $100 of assessed valuation. That section provides for the entry of record of an order which shall set forth substantially the amount of the excess, the purpose for which same will be required, and the number of years required. The order under consideration omitted "the number of years required."

That section of the act should receive a construction in line with the apparent object of the law. It should be construed strictly when examined from the standpoint of the county's power, and be construed liberally when con-

sidered with reference to the protection of the taxpayer. (*Peoria and Pekin Union Railway Co.* v. *People ex rel. Knupp,* 198 Ill. 318; *Chicago and Alton Railroad Co.* v. *People ex rel. Wood,* 163 Ill. 616; *Riverside Co.* v. *Howell,* 113 Ill. 256; *French* v. *Edwards,* 13 Wall. 506; Cooley on Taxation, 209-215.) It was necessary for the county board to fulfill the requirements of the law before it could levy the additional tax. (*Peoria and Pekin Union Railway Co.* v. *People,* 198 Ill. 318.) A power to levy taxes can only be exercised as given, otherwise the acts of the board are nugatory. (*Peoria and Pekin Union Railway Co.* v. *People,* 198 Ill. 318; *St. Louis Bridge and Tunnel Railroad Co.* v. *People ex rel. Baker,* 127 Ill. 627; *St. Louis Nat. Stock Yards* v. *People,* 127 Ill. 22.) Inasmuch as the power to levy the additional tax is given only upon compliance with certain stated prerequisites, the burden is upon the People to show compliance with those conditions. *English* v. *People,* 96 Ill. 566.

Measured by the foregoing rules of construction, the order of the county board under which the election was held and under consideration did not comply with the requirement of section 27, in that it did not specify the number of years that the excess levy be made; therefore, the county clerk did not have the right or authority to insert, in the ballot, the years 1943 to 1956, both inclusive. Nor did the amendment of the county board's record, more than two years later and after the election on the proposition, cure the illegality. The election was void and the county court erred in overruling the appellant's objections to the tax in excess of the 25 cents on the $100 valuation.

The judgment of the county court is reversed and the cause remanded, with directions to sustain the objection to the excess taxes.

*Reversed and remanded, with directions.*