(No. 31806.—

THE PEOPLE *ex rel.* Raymond Downs, County Collector, Appellant, *vs.* THOMAS A. SCULLY, Appellee.

*Opinion filed March 22, 1951.*

EDWIN C. MILLS, State's Attorney, of Lincoln, for appellant.

TRAPP & TRAPP, of Lincoln, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This is an appeal from the county court of Logan County by appellant, the county collector, from an order and judgment of the court sustaining an objection to the airport tax and ordering refund of said tax paid under protest.

The record discloses a petition was presented to the board of supervisors signed by more than 100 legal voters requesting that an annual tax be levied for the establishment, operation and maintenance of an airport under section 1 of the Airports and Landing Fields Act. (Ill. Rev. Stat. 1947, chap. 15½, par. 84.) On September 10, 1946, pursuant to the petition, the county board adopted a resolution directing the county clerk to give notice that the proposition would be submitted directing the clerk to take proper steps to submit the proposition to the electorate at the general election to be held November 5, 1946. The resolution recited that $100,000 per year would be required to defray the expense of establishing, operating and maintain-

ing the airport, and that such amount will be required to be levied in taxes and raised each year for a period the extent of which is unknown to the board. The resolution also prescribed the form of the ballot to be used in submitting the proposition, which was set out as follows:

FOR the levy of a tax in Logan County, Illinois for the period of time beginning with the year 1947 and continuing until the same shall be discontinued, as provided by law, said tax to be in excess of and in addition to the statutory limit of .125 per cent of the full, fair, cash value as equalized or assessed by the Department of Revenue of the taxable property in Logan County, Illinois; said excess tax not to exceed .25 per cent of the full, fair, cash value, as equalized or assessed by the Department of Revenue of the taxable property in Logan County, Illinois; said excess tax to be for the purpose of establishing, operating and maintaining a County Airport and Landing Field in Logan County, Illinois, for the use and benefit of the inhabitants thereof, in accordance with the provisions of ''An Act in relation to the establishment, acquisition, maintenance and operation of airports and landing fields by counties of less than 500,000 population, and by such counties jointly with certain taxing districts located within or partly within such counties, and to provide methods for the financing thereof.'' (Approved July 22, 1943.)

AGAINST the levy of a tax in Logan County, Illinois, for the period of time beginning with the year 1947 and continuing until the same shall be discontinued, as provided by law, said tax to be in excess of and in addition to the statutory limit of .125 per cent of the full, fair, cash value as equalized or assessed by the Department of Revenue of the taxable property in Logan County, Illinois; said excess tax not to exceed .25 per cent of the full, fair, cash value, as equalized or assessed by the Department of Revenue of the taxable property in Logan County, Illinois; said tax to be for the purpose of establishing, operating and maintaining a County Airport and Landing Field in Logan County, Illinois, for the use and benefit of the inhabitants thereof, in accordance with the provisions of ''An Act in relation to the establishment, acquisition, maintenance and operation of airports and landing fields by counties of less than 500,000 population, and by such counties jointly with certain taxing districts located within or partly within such counties, and to provide methods for the financing thereof.'' (Approved July 22, 1943.)

The proposition was submitted on this form of ballot on November 5, 1946, and 5602 votes were cast for the proposition as thus submitted and 2987 were cast against it. Thereafter, on December 2, 1946, the board of supervisors appointed three directors of the airport and landing field. On September 9, 1947, the board of supervisors passed its tax budget resolution which included an appropriation of $100,000 for the purchase of land for the county airport and improvements thereon. On the same date the board levied that sum against all taxable property in Logan County, providing that such sum as extended should not be in excess of ten cents on each one-hundred-dollar valuation.

On May 28, 1948, appellee, Thomas A. Scully, paid to the county collector the sum of $61,330.20, as payment of the first and second installments of the 1947 taxes assessed against his property, but under protest as to the sum of $4883.34, which represented the airport tax of .096 per cent of the assessed valuation. The grounds of protest were that the Airports and Landing Fields Act, (Ill. Rev. Stat. 1947, chap. 15½, par. 84 *et seq.,*) under which the levy protested was made, was unconstitutional; that the resolution and form of ballot used at the election were invalid as not conforming to section 2 (par. 85,) of said act, and as not conforming to section 27 of the Counties Act. Ill. Rev. Stat. 1947, chap. 34, par. 27.

The collector published a list of delinquent property and taxes paid under protest and notice that application for judgment would be made to the county court and for order of sale of such property. Included in the list was the land of appellee. Thereafter, on September 17, 1948, appellee filed his tax objection and, prior to the hearing thereon, the appellant and appellee entered into a stipulation that the matter of the validity or invalidity of the airport tax should be passed on with respect to one eighty-acre tract belonging to Scully and that judgment should be reserved

as to all other tracts on which the airport tax was paid under protest.

Hearing was had on the tax objection and the county court sustained the appellee's objection to the tax, holding that the Airport and Landing Fields Act was constitutional and valid, but that the election held on the proposition to levy the tax was invalid and void because the form of ballot used should have been that prescribed by section 2, (par. 85,) of the act, instead of the one used. The court further held that even if the form prescribed by section 27 of the Counties Act was proper, still the ballot used here was improper for failure to advise the electors the period of time the airport tax should be levied.

Appellant assigns error in that the court below should have held that the ballot required in the election involved here was that prescribed in section 27 of the Counties Act, and that the ballot actually used fully complied with that section of the statute and was therefore proper.

Appellant contends that the proceedings and form of ballot adopted by the county board in this case are sufficient under section 27, and that the election and levy are proper. Appellee contends that the proceedings and ballot used conform to neither of the two sections of the statute involved here and that the election held was void. Section 27 provides that in cases where the county board deems it necessary to assess taxes exceeding the statutory limit, the board may, by its order, set forth substantially the amount of such excess required, the purpose for which the same will be required, "and the number of years such excess will be required to be levied," and provides for the submission of the question of assessing such additional rate to the people of the county. This statute sets out the form of ballot to be used in such election upon the proposition. The form prescribed provides for the statement of the proposition in both the affirmative and negative, the two statements beginning with the words "For" and "Against," respectively.

A careful examination of the record here fails to disclose any order or resolution of the county board setting forth the number of years the proposed tax will be required to be levied. The only indication that such matter was considered by the board appears in the resolution of September 10, 1946, which reads, in part, as follows:

"WHEREAS, it appears to this Board that the sum of approximately One Hundred Thousand Dollars ($100,000.00) will be required in each and every year hereafter to defray the expense of establishing, operating and maintaining an airport and landing field within said Logan County, Illinois, and that such tax will be required to be levied and said amount will be required to be raised annually hereafter for a period the extent of which is not now known to this Board; * * *."

Elsewhere in the preamble to the resolution it is recited that the petition presented to the board asks the levy of an annual tax for the establishment of an airport under section 2, (par. 85,) of the Airport and Landing Fields Act, (Ill. Rev. Stat. 1947, chap. 15½, par. 85,) "for the period of time beginning with the year 1947 and continuing until the same shall be discontinued as provided by law; * * *." Except for these references to the duration of the term during which the tax is to be levied, there is no expression as to when the levy shall cease, either in the resolution or the form of ballot prescribed therein.

Appellant urges that the words, "until discontinued as provided by law," as expressed in the board's resolution is a sufficient compliance with the requirement of section 27 of the Counties Act, that the board must state in its order "* * * the number of years such excess will be required to be levied * * *." The gist of the argument is that "until discontinued as provided by law" sufficiently advises the voters that the levy will continue until, by a majority vote of the people, it is discontinued. The record reveals no total amount to be levied over the years from which the

term required to reach that total could be computed. For all that appears, the levy here would continue forever unless by some action, not specified, it should be discontinued. The board itself, by the language of the resolution, confesses that the period of time the levy will be required is unknown. We find no merit to this argument.

The question whether a levy of a tax in excess of a statutory limit must, under section 27 of the Counties Act, be based on a statement of the number of years it will be required, was passed on in *People ex rel. Hargrave* v. *Baltimore and Ohio Railroad Co.* 394 Ill. 471. In that case a resolution of the county board was passed providing for a referendum vote under this section for a tuberculosis tax in excess of the statutory limit. Neither the resolution nor the ballot used specified the number of years such tax would be required to be levied, nor the total amount to be levied. This court held such failure to be fatal to the election under section 27. Appellant cites the case of *Peoria and Pekin Union Railway Co.* v. *People ex rel. Knupp,* 183 Ill. 19, and contends it sustains his position. It will be observed, however, that case was decided before the amendment to section 27 of the Counties Act in 1909, and at the time of that decision the section contained no requirement of a statement as to the number of years such excess tax would be required to be levied. That case cannot be controlling here.

As to the form of ballot, we have held that the ballot must conform to the statutory mandate and a failure to observe such provision of the law renders the election void. (*People ex rel. Henry* v. *New York Central Railroad Lines,* 381 Ill. 490.) Where the statute provides that the proposition should be submitted in both affirmative and negative forms, or provides the proposition should be submitted in a single interrogatory form only, with the words "Yes" and "No" opposite the voting spaces, then such provision

is mandatory and failure to comply renders the election void. *People ex rel. Rhodes* v. *Miller,* 392 Ill. 445; *People ex rel. Ingram* v. *Louisville and Nashville Railroad Co.* 391 Ill. 182; *People ex rel. Burkholder* v. *Peoria and Eastern Railway Co.* 375 Ill. 197.

It seems that the ballot used here was insufficient under section 2 of the Airports and Landing Fields Act for failure to conform to the statutory mandate as to form.

The controversy over whether one or the other statute applies to the election here would seem to be moot, since neither of them was complied with. So, also, the question whether the Airports and Landing Fields Act is *in pari materia* with section 27 of the Counties Act becomes purely academic, since, if it should be so held, still the ballot and election under it are void in the instant case.

The appellee contends that the Airports and Landing Fields Act is unconstitutional. That question is not necessary to a decision in this case and it is well settled that when a case may be disposed of on other grounds, constitutional questions will not be considered.

A careful analysis of this record reveals an election held on proceedings and a form of ballot which fail to conform to any statute applicable to the election held. There being no order or resolution of the county board fixing a number of years during which the proposed excess tax is to be levied, the election held pursuant to such resolution is void under section 27 of the Counties Act. The form of ballot being substantially different from that prescribed in section 2 of the Airports and Landing Fields Act, the election cannot be upheld under that section.

In accordance with our views heretofore expressed, we are not passing on the constitutional question. In other respects the judgment of the county court of Logan County is affirmed.

*Judgment affirmed.*