[No. 32921.   Department One.   December 30, 1954.]

THE CITY OF YAKIMA, *Respondent*, v. THE TAXPAYERS OF THE CITY OF YAKIMA, *Defendants*, LESLIE E. CAMPBELL *et al., Appellants.*[1]

[1]Reported in 278 P. (2d) 777.

*Gavin, Robinson & Kendrick,* for appellants.

*Elwood Hutcheson* and *Lauren W. Dobbs,* for respondent.

GRADY, C. J.—The city of Yakima brought this action in the superior court of Washington for Yakima county seeking a declaratory judgment that certain general obligation bonds of the city would if issued be valid, and that such bonds could lawfully be redeemed by moneys derived from annual tax levies of the city in addition to and in excess of the statutory and constitutional forty-mill limitation. Pursuant to chapter 153, Laws of 1939, p. 452, "The Taxpayers of the City of Yakima" were made defendants. The court made an order granting Leslie E. Campbell and Madelyn R. Campbell, husband and wife, leave to intervene in the action, and they filed their complaint in intervention praying for a declaratory judgment and decree adjudging that, if the city issued and sold the bonds referred to in the complaint as general obligation bonds of the city, such city might not lawfully pay the principal and interest thereof out of annual tax levies of the city in addition to and in excess of the statutory and constitutional forty-mill limitation.

The interveners and city of Yakima demurred to the respective complaints. The appointed taxpayers, A. C. Shelton and Fred Eberle, for and on behalf of themselves and other taxpayers, demurred to the complaint of the city of Yakima upon all statutory grounds. The court entered orders overruling the demurrers to the complaint and sustaining the demurrer of the city of Yakima to the complaint in intervention. The defendants and interveners in open court elected not to plead further and to stand on their respective demurrers. The court thereupon entered a declaratory judgment that the proposed bond issue of the city of Yakima in the sum of four hundred thousand dollars, for the construction of what was referred to in the pleadings as the Lenox avenue overpass, had been duly approved by the requisite number of voters of the city at a bond election

held therein on September 9, 1952, and that such bonds are and will be fully and in all respects valid and lawful general obligation bonds of the city; also that the city of Yakima had the right to so issue and sell the bonds as general obligation bonds of the city and as bonds payable both as to principal and interest out of annual tax levies of the city in addition to and in excess of the forty-mill limitation and in addition to and in excess of all other statutory and constitutional debt and tax limitations. The interveners have taken this appeal and will be referred to in this opinion as appellants. The city of Yakima will be referred to as respondent.

On this appeal, the appellants do not question the validity of the proceedings had and taken by the respondent leading up to the holding of the special election called for the purpose of submitting to the qualified voters the proposition to create an indebtedness in the sum of four hundred thousand dollars, and to issue general obligation interest bearing negotiable bonds of the city of Yakima in such amount to be payable out of annual tax levies to be made without limitation as to rate or amount. The question presented by the assignments of error of appellants is with reference to the proposition submitted to the voters by the ballot prepared and caused to be printed by the county auditor of Yakima county. The ballots had printed thereon the following:

"SPECIAL CITY ELECTION"
"Shall the City of Yakima Issue $400,000.00 of General Obligation Bonds for the Lenox Avenue Overpass?"
"BONDS—YES" ☐
"BONDS—No" ☐

The contention made by the appellants is that the proposition was submitted only in part, and therefore the voters by their ballots did not authorize the payment of the bonds from levies made in excess of the constitutional and statutory forty-mill limitation.

Amendment 17 of the Washington constitution provides:

" . . . the aggregate of all tax levies upon real and personal property by the state and all taxing districts now existing or hereafter created, shall not in any year exceed forty mills on the dollar of assessed valuation . . ."

The amendment further provides that the limitation may be exceeded by a taxing district authorized by law to issue general obligation bonds for capital purposes for the sole purpose of making the required payments of principal and interest on such bonds when authorized so to do by a majority of at least three-fifths of the electors voting on the proposition to issue such bonds and to pay the principal and interest thereon by an annual tax levy in excess of the forty-mill limitation. The applicable statute enacted after the taking effect of amendment 17 is RCW 84.52.056. The statute with reference to the "proposition" to issue bonds contains the following words:

" . . . and the proposition to issue any such bonds and to exceed said tax limitation must receive the affirmative vote of a three-fifths majority of those voting on the proposition . . ."

Amendment 17 (b) uses the following words:

" . . . the proposition to issue such bonds and to pay the principal and interest thereon by an annual tax levy in excess of the limitation herein provided . . ."

As a part of the procedural steps required by law to be taken, the respondent adopted a resolution providing for the form of ballot to be used at the bond election and directed that it contain the following proposition:

"Shall the City of Yakima create an indebtedness in the sum of $400,000.00, and issue general obligation negotiable bonds of the City of Yakima, Washington, in the aggregate sum of $400,000.00, bearing interest at a rate not to exceed four (4) percent per annum, payable semi-annually; said bonds shall mature in from two (2) to twenty (20) years from date of issue, and the principal and interest thereof shall be payable out of the annual tax levies to be made without limitation as to rate or amount, for the purpose of providing funds for the improvement of Lenox Avenue in the City of Yakima, Washington, by extending Lenox Avenue across the right-of-way of the Northern Pacific Railway Company, and the right-of-way of the Union Pacific Railroad Company in the City of Yakima, Washington, by the construction of a two-lane overpass over said railway rights-of-way, all of which is more fully set forth in Ordinance No. B-1384, of said City."

▪Pursuant to the resolution, the city clerk certified to the county auditor the foregoing proposition to be printed upon the ballots to be used by the voters at the bond election. The "proposition" to be submitted to voters as provided by the constitution and statute has a twofold aspect: (1) to issue general obligation bonds, and (2) to pay the principal and interest thereon by making an annual tax levy in excess of the limitation of forty mills on the dollar of assessed valuation. The constitution and statute are mandatory. It was necessary that the required number of voters vote affirmatively on the submitted proposition in both of its aspects. The submission of one of them alone was not sufficient. *People ex rel. Milburn v. Huston,* 267 Ill. App. 395; *People ex rel. Downs v. Scully,* 408 Ill. 556, 97 N. E. (2d) 829; *Kerlin v. City of Devils Lake,* 25 N. D. 207, 141 N. W. 756; *Carlson v. City of Helena,* 39 Mont. 82, 102 Pac. 39.

The legal conclusions we have reached are based upon the constitutional amendment and the statute, and we cite the foregoing cases merely to illustrate how courts have reacted to somewhat comparable situations when considering what must be printed on a ballot in order to have a valid election.

The respondent recognized all of the foregoing by setting forth the proposition in its dual aspect in its initial ordinance, the publication thereof, the resolution providing for the form of ballot to be used at the election in the certificate of the city clerk to the county auditor, and in its notice of special election.

It is unfortunate that in preparing the form of ballot the proposition in its dual aspect as directed by the respondent and the constitutional and statutory mandates was not set forth thereon. The voters were entitled to be informed by the ballot all of that which they were asked to authorize the city to do, namely, to issue general obligation bonds and to levy annual taxes in excess of the debt limit. It would appear that the one who prepared the ballot was guided by statutes relating to the form of ballot when the authority to

issue bonds was the sole question to be submitted to the voters.

The judgment is reversed, and the cause remanded for the entry of a declaratory judgment to the effect that the city of Yakima was not legally authorized by the voters at the special election to pay the principal and interest of the general obligation bonds in question out of levies made in excess of the forty-mill limitation.

MALLERY, HAMLEY, FINLEY, and OLSON, JJ., concur.

[*En Banc.* May 5, 1955.]

PER CURIAM.—Upon a rehearing *En Banc*, the court adheres to the Departmental opinion heretofore filed herein.